[ * 335 ] * The points in the cause arising from the facts reported will be seen in the opinion of the Court, which was delivered at Boston, at the July adjournment of the March term the present year, by
Parsons, C. J.
The defendant, in support of the issue on his part, produced an agreement between Drummond, the payee of the note, and himself, entered into on the 1st day of October, 1799, submitting all demands to the determination of referees, which agreement was acknowledged before a justice of the peace pursuant to the statute of 1786, c. 21. He also produced a record of a judgment of the Court of Common Pleas rendered on the report of the referees.
On this evidence he proposed to rest his defence, contending that it was incumbent on the plaintiff, who claimed the note by a blank endorsement, to show that he purchased it before the agreement was made. But the judge decided the point against the defendant; and in our opinion very correctly.
In an action by the endorsee of a note against the maker, the law admits the defendant to prove payment before the endorsement, because by such payment the promise is discharged, and the note is absolutely void. But if the maker of the note would set up this defence, it is necessary for him to prove that the payment was made before the endorsement, or his defence will fail him.
The defendant then called Drummond as a witness, to prove that at the time of the reference he held the note, and did not endorse it to the plaintiff until after the referees made their report. Drum mond accordingly testified that he then held the note, and that he did not assign it to the plaintiff until after the reference. On being cross-examined, he also testified that the note was not laid before the referees, nor considered by them; and that it had never [ * 336 ] been paid. * On this evidence, and on the admission by the parties of the execution and endorsement of the note, a verdict was found for the plaintiff.
The first objection made to the verdict by the defendant is, that it was not competent for the plaintiff to cross-examine Drummond, whether the note was or was not submitted to the referees, as he was interested in that question.
It is true that Drummond was an interested witness; and if the plaintiff had produced him, and the defendant had objected to his being sworn, the objection must have prevailed. But a witness may, *261 if he consents, testify against' his own interest. In this case, when Drummond was produced by the defendant, the plaintiff could not object, for the witness was interested that the plaintiff should recover ; and as Drummond did not object, he was very properly admitted. As he was sworn in chief, the defendant having admitted his competency, and having waived all objections to his credit by producing him, the plaintiff might very properly cross-examine him as to all matters pertinent to the issue on trial. We are therefore of opinion, that there is no weight in this objection.
Another objection made by the defendant to the verdict is, that the testimony .of Drummond, given on his cross-examination, ought not to have been received, because it contradicted his agreement under the hands of the parties, and acknowledged before the justice.
If this be true, the objection must prevail. The agreement signed and acknowledged by the parties contains a submission of all demands between the parties. Now the testimony of Drummond does not contradict the making of that agreement. But either party may prove what demands then existed. That a promissory note is a demand to certain purposes cannot be denied, because a release of all demands would be a bar to an action upon it. Yet it may well be questioned, whether * a submission of all [ * 337 ] demands to arbitrators includes an acknowledged debt not in controversy, and concerning which there is no difference or dispute.
If it is a fair construction of such a submission, that it includes all matters in difference, then either party may prove' that a particular demand was not laid beforé the arbitrators, and so was not a matter in difference between the parties. But as either party might exhibit to the arbitrators, on the submission of all matters in difference, any personal demand he had on the other party, the presumption is that all demands were in fact submitted. But this presumption may be encountered by clear evidence that any particular demand was not laid before the referees.
In the case of Golightly vs. Jellicoe (1), the plaintiff sued an action of covenant broken against the defendant, who pleaded that an action for some other matter was brought against him by the plaintiff, that all matters 'in difference were- referred, that the arbitrator awarded several sums of money to be paid, and that the parties should execute mutual releases; that the defendant paid the money, and the releases were given. The plaintiff replied that these breaches were not before the arbitrator ; and on a demurrer to the *262 replication, it was adjudged good. The judgment was on the ground that a matter not laid before the arbitrator was not a matter in difference.
But without deciding that an agreement to refer all demands is subject to the same construction as a submission of all matters in difference, it is manifest that an agreement to refer may not be executed ; for the arbitrator may decline to take on himself the trust of arbitrating, or a party, where the rule is not ex parte, may refuse to appear before the referees. So a party may execute [ * 338 ] the agreement but in part, by omitting through * accident or mistake to bring a particular demand, not in fact disputed, before the referees. And although when referees report upon all the demands submitted, the presumption is that all existing demands were submitted, yet evidence that a particular demand was not before the referees does not deny the agreelnent to refer all demands, but only proves the non-execution of that agreement in part We are therefere satisfied that the testimony of Drummond on his cross-examination, that the note was not laid before the referees, nor by them taken into consideration, was properly received and submitted to the jury.
The last objection to the verdict is, that the report of the refer ecs having been made to the Court of Common Pleas, and judgment rendered upon it, the testimony of Drummond on his cross-examination was illegal, as it contradicted the judgment.
Under this objection it may be necessary to consider the effect of this judgment.
At common law, the only remedy, which a party interested in an award could have, was an action on the agreement of submission. Some further remedy being convenient, the English statute of 9 & 10 W. 3. c. 15., enacted that the submission by the parties might be made a rule in any Court of record, and that the party disobeying the award should be subject to all the penalties of contemn ing a rule of Court made in any action in which he might be a party.
This statute not having been adopted in Massachusetts, no remedy but an action at common law on the submission was given, until the passing of the statute of 1786, c. 21. The remedy given by this statute is peculiar to this state. The agreement of submission is to be signed by the parties, and to be authenticated by an acknowledgment before a justice of the peace; and it is a part of the agreement, that the referees may make their report to the [ * 339 ] Court of Common Pleas, who may enter a final * judgment thereon. On this judgment an execution may issue, as on judgments in actions commenced by writ.
*263 The design and effect therefore of this judgment is to execute the award, and it is conclusive evidence of the submission and of the award. But it cannot alter the nature or extent of the agreement to refer, nor exclude any evidence proving what matters were in fact laid before the referees, where such evidence does not contradict a reasonable construction of the terms of the report.
In the case before us, a sum of money is reported in full of all demands, which must necessarily be confined to all demands that were submitted to the referees under the agreement to submit. For a report on demands not submitted would be void, as without the authority of the referees. Whether the demand on this note was, or was not submitted, is, therefore, a question of fact to be settled, in order to decide on the legal operation of the judgment.
The presumption is, that the demand on this note was submitted, because it was within the agreement of the parties to submit it, and we ought to presume that the parties have executed their agreement. By the evidence in the case, this presumption is encountered ; for.it appears that as to this note the agreement was not executed, and that the note was not brought before the ■ arbitrators, who, of course, did not take it into their consideration. The report therefore does not include an award on the note, and the judgment cannot bind the parties beyond the award.
That the true ground, on which the judgment was rendered, may be inquired into in some cases, appears from the case of Seddon & al. vs. Tutop (2). The plaintiffs had brought a former action on a promissory note, and for goods sold; but on executing a writ of inquiry after default, they gave no evidence on the count for goods sold, but damages were assessed to the amount of the * note only, through the forgetfulness of the plaintiff’s [ * 340 ] attorney, as appears from the nisi prius report of the case in 1 Esp. R. 401. The plaintiffs afterwards brought another action to recover the damages for the goods sold. The defendant pleaded a former recovery of damages, as well for not paying the note as for not paying for the same goods. The replication was that the promises in this action were not the same for which the plaintiffs recovered damages in the former action; and on this averment issue was taken and joined. On the trial, the plaintiffs were allowed to prove that, not being prepared with evidence on the count for goods sold, they took damages only on the count upon the note. The plaintiffs had a verdict, and the Court held that this evidence was properly admitted. This case is certainly a very strong one, and *264 the opinion of the Court appears to be founded on the very peculiar nature of the issue joined.
Wilde, for the plaintiff.
Lee, for the defendant.
In the "case at bar, the defence is, substantially, payment of the note before endorsement; and the agreement to submit all demands, the award, the judgment thereon, and the testimony that the note was then the property of Drummond, arc all produced to prove the payment. But by the counter evidence, arising from the cross-examination of Drummond, it is manifest that this note formed no ground for any part of those proceedings, and the payment is sufficiently negatived. The justice of the case is unquestionably with the endorsee, and the law has wisely provided, that the maker of the note shall not, in this case, intrench himself behind its forms against an act of substantial justice (a).

Let judgment be entered on the verdict.

 4 D. & E. 147., in a note.

 6 D. & E. 607.

 Hodges vs. Hodges, 9 Mass. 320. — Smith vs. Whiting, 11 Mass. 445