John D. Bridge *et al. versus* William Gray *et al.*

In assumpsit for goods sold and delivered, an account of which was annexed to the writ, the defendant pleaded in bar a former judgment recovered by the plaintiff against him upon a writ containing, among other counts, a general count for goods sold and delivered, which might have embraced the claim which was the subject of the subsequent action. It was *held,* that the record of the former judgment was on *primâ facie* evidence of a prior adjudication of such claim ; and that evidence *aliunde,* was admissible to prove that such claim had not been considered and determined in the prior action.

After the dissolution of a partnership between an active and a dormant partner, an action for the balance of an account was brought against both, in which the dormant partner pleaded payment, and the active partner, who was, by mutual consent, constituted agent to settle the partnership concerns, was defaulted. It was *held,* that an admission by the active partner, that such balance, in consequence of a mistake, had not been paid, made after the dissolution of the partnership, was competent evidence.

Assumpsit to recover the balance of an account for goods sold and delivered, which was annexed to the writ. The whole account amounted to $ 241·22, on which there was credited, by the plaintiffs, the sum of $ 201·22, as paid by a promissory note, leaving a balance of $ 40 as still due.

The writ was dated September 23, 1828.

John G. Usher, one of the defendants, was defaulted. The other defendant, Gray, pleaded, 1. a former recovery ; 2. payment ; 3. that the defendants were exonerated and discharged by the plaintiffs. Upon these several pleas issues were joined.

At the trial in the Court of Common Pleas, before *Ward* C. J., the defendant Gray, in order to support his first plea, produced a record of the Supreme Judicial Court, by which it appeared, that at the October term 1826, of this Court, in an action between the same parties, the plaintiffs recovered judgment against the defendants for the sum of $ 319·78, damages and costs ; and that the declaration in that suit consisted of a count on a promissory note for $ 201·22, a count on an account annexed, for $ 192·61, and several general counts for goods sold and delivered, amounting to $ 400. The goods mentioned in the account annexed to the writ in that suit, were different from those in relation to which the present action was brought.

Bridge
*v.*
Gray.

The defendant contended, that as the claim in the present action was for goods sold before the commencement of the former action, and might have been recovered under the counts for goods sold and delivered in that action, and as nothing appeared in the record to show that it was not then determined, the presumption must be that it was then passed upon by the jury ; and so that this claim was barred by the former recovery.

In order to prove that the present claim was not passed upon in the former action, the plaintiffs produced several witnesses who were present at the former trial. They also offered to prove, by the testimony of the foreman of the jury in that trial, that the verdict of the jury was for the exact amount of the promissory notes and the account annexed ; that the attention of the jury was not called to the counts for goods sold and delivered, and no evidence was given in support of them ; and that they were not considered by the jury in their verdict.

The defendant objected to the evidence, but his objections were overruled.

To support his second and third pleas, the defendant produced a bill of parcels of the same goods as those mentioned in the account annexed to the writ in the present action, amounting to $241·22, which bill was receipted by the plaintiffs, as follows : — " Received payment by note."

In order to rebut this evidence, the plaintiffs produced the promissory note on which judgment was recovered in the former action, which they averred was the note referred to in the receipt. On the margin of this note were the figures $ 241·22, but the sum expressed and promised in the body of the note was $ 201·22 only ; and the plaintiffs contended that the only sum received by them was that expressed in the body of the note, and that the residue, which was the subject of the present action, still remained due.

It was admitted by the defendant Gray, that in 1825, when the goods mentioned in the declaration in the present action, were sold and delivered, he was in partnership with Usher in the business of a grocer, in Charlestown ; and it was proved, that the business was carried on in the name of Usher

Bridge
*v.*
Gray.

alone, and that Gray was a dormant partner as respected the world in general ; but it appeared that, before the sale of the goods, he had told the plaintiffs that he was a partner of Usher. It was also proved, that Usher failed in 1826 ; that all their stock in trade was attached and sold to pay the debts of the partnership ; and that their business was broken up, and possession of their shop resumed by the owner.

The plaintiffs then offered a witness to prove, that in a conversation which he had with Usher, in May 1830, Usher admitted that the note for $ 201·22 was the same which was given in payment for the goods sold ; that it was written for $ 201·22, instead of $ 241·22, through mistake ; and that the balance of the account was justly due to the plaintiffs.

The defendant objected to this evidence, because the admissions of Usher were made after 1826, when the partnership, as Gray contended, was dissolved. The plaintiffs contended that the partnership was not dissolved ; but if it was, they denied that they had had notice of the dissolution. The objection was overruled, and the evidence admitted.

As to the first issue, the judge instructed the jury, that if they were satisfied from the evidence, that the claim made by the plaintiffs in the present action, had not been considered and passed upon by the jury in the former action, the judgment in that action would form no bar to the right of the plaintiffs to recover.

The jury rendered a verdict for the plaintiffs. To the foregoing instructions the defendant excepted.

*H. H. Fuller,* for the defendant, cited to the point, that the admissions of Usher were not competent evidence, *Brandram* v. *Wharton*, 1 Barn. & Ald. 463 ; *Atkins* v. *Tredgold*, 2 Barn. & Cressw. 23 ; *Bland* v. *Haselrig*, 2 Ventr. 151 ; *Tuttle* v. *Cooper*, 5 Pick. 414 ; *Hathaway* v. *Haskell*, 9 Pick. 42 ; *Hackley* v. *Patrick*, 3 Johns. R. 528 ; *Walden* v *Sherburne*, 15 Johns. R. 409 ; *Baker* v. *Stackpoole*, 9 Cowen, 433 ; 3 Kent's Comm. 25 ; *Levy* v. *Cadet*, 17 Serg. & R. 126 ; *Rootes* v. *Wellford*, 4 Munf. 215 ; *Chardon* v. *Oliphant*, 2 Constitut. R. 685 ; *White* v. *Union Ins. Co.*, 1 Nott & M'Cord, 561 ; *Evans* v. *Duberry*, 1 Marshall, (Kentucky,) 189 ; *Ward* v. *Howell*, 5 Har. & Johns. 60 ; *Clementson* v.

*March 2st .*

*Williams*, 8 Cranch, 72 ; *Thompson* v. *Peter*, 12 Wheat. 567 , *Bell* v. *Morrison*, 1 Peters, 371.

J. G. *Rogers*, for the plaintiffs, to the same point, cited *Wood* v. *Braddick*, 1 Taunt. 104 ; *Thwaites* v. *Richardson*, Peake's R. 16 ; *Grant* v. *Jackson*, Peake's R. 203 ; *Evans* v. *Drummond*, 4 Esp. R. 91 ; *Lacy* v. *McNeil*, 4 Dowl. & Ryl. 7 ; *Bulkley* v. *Langdon*, 3 Connect. R. 76 ; *M'Intire* v. *Oliver*, 2 Hawks, 209 ; *Parker* v. *Merrill*, 6 Greenl. 41 ; *Van Reimsdyk* v. *Kane*, 1 Gallison, 630 ; *Simpson* v. *Geddes*, 4 Bay, 533 ; *Norden* v. *Williamson*, 1 Taunt. 378 ; *Whitcomb* v. *Whiting*, 2 Dougl. 652 ; *White* v. *Hale*, 3 Pick. 291 ; *Jackson* v. *Fairbank*, 2 H. Bl. 340 ; *Perham* v. *Raynal*, 2 Bingh. 306 ; *Pittam* v. *Foster*, 2 Dowl. & Ryl. 363 ; *Smith* v. *Ludlow*, 6 Johns. R. 267 ; *Johnson* v. *Beardslee*, 15 Johns. R. 3 ; *Shelton* v. *Cocke*, 3 Munf. 197 ; *Lowe* v. *Boteler*, 4 Har. & M'Hen. 346 ; *Hunt* v. *Bridgham*, 2 Pick. 581.

The only question here is, whether the admissions of Usher constituted *a new contract*. We think they did not, for there was no new consideration. Besides, the original contract is admitted by the pleas of Gray and by the default of Usher. The objection, therefore, that Usher could not bind Gray, by a new contract, does not apply. In this case no new promise is required. Indeed, if these admissions constituted a new promise, it would be decisive against the plaintiffs ; for as they were made after action brought, they would then have a right to bring an action upon such new promise, after a *decision* against them in the present case.

This is a question of *evidence* and not of *contract*. Admissions of this nature are competent evidence, because they are against the interest of the party by whom they are made. The cases cited show that the interest of the party making the admissions, is the criterion by which their admissibility is determined. In the present case, if the plaintiffs recover, Usher will become liable as well as Gray, and it makes no difference, in this respect, whether Usher has property or not. Neither does the default of Usher affect the question ; for if no judgment is recovered against Gray, there can be none against Usher.

It would be singular, if Usher could pay the debt and charge it to the co-partnership, that he could not admit it ; the danger of fraud is the same in both cases.

The plaintiffs stand in a better situation than if these were admissions of a debt barred by the statute of limitations ; under the statute it is presumed that the debt has been paid, and the evidence of payment has been lost. But here there is no danger that such evidence has been lost ; there has not been such a lapse of time as will excuse the not taking care of vouchers.

.Usher was the sole acting partner ; and his admissions should have more weight than if other persons had been held out to the world as partners. If the action had been brought against him alone, he could not have pleaded the partnership. So a demand against him alone could be set-off against a debt due to the partnership. *George* v. *Clagett*, 7 T. R. 359 ; *Lord* v. *Baldwin*, 6 Pick. 348. So a dormant partner cannot dissent from a contract of the active partner before it is made ; it is otherwise where both partners are active.

Shaw C. J. delivered ·the opinion of the Court. This case comes before the Court upon exceptions to the opinions of the chief justice of the Court of Common Pleas, at the trial. Several exceptions were taken which have not been relied upon with much confidence ; the attention of the Court has been principally drawn to two questions.

On the issue joined upon the plea in bar of a former recovery, the defendant relied upon a judgment in a former suit, upon a writ containing among others, counts for goods sold and delivered, and which might have embraced the goods sued for in the present action ; but there was no specific enumeration or description of goods contained in these counts, nor any account annexed to the writ or other specification filed, by which it could be shown, that the goods, in question in this suit, were embraced in that. The defendant relied upon that judgment as a bar, and as conclusive evidence, that the claim for goods sold, now made in this suit, must have been considered in the former. But the plaintiff offered evidence *aliunde*, to show, in point of fact, that no claim was made in that action for the goods now sued for. We

*Bridge*
*v.*
*Gray.*

*April 3d.*

think, that this evidence was rightly admitted. The modern mode of declaring in most general use, is to insert several general counts ; and when, in such case, the general issue is pleaded, a vast variety of different claims may be put in issue and tried ; so various indeed, that in most cases, it is found necessary to call in the assistance of the court previously to the trial, to require the plaintiff to give in a bill of particulars, or specification of the claims which he means to give in evidence, in order to apprize the defendant of the actual claims relied on, which the declaration does not do, to enable him to go to trial with any safety. When such a judgment is pleaded in bar, it seems to be liberal enough, and going as far in support of a judgment as experience will warrant, to consider it as *primâ facie* evidence of a prior adjudication of every demand, which might have been drawn into controversy under it, leaving it, like other *primâ facie* evidence, to be encountered and controlled by any other competent evidence, tending to show that any particular demand was not offered or considered. And so, we think, the rule is now settled by authorities. *Seddon* v. *Tutop*, 6 T. R. 607 ; *Webster* v. *Lee*, 5 Mass. R. 334.

Supposing the evidence rightly admitted, it was left to the jury with proper instructions, to consider its weight and decide the question of fact.

But the most material question is, whether the admissions of Usher, after the period at which, as it is alleged, the partnership was dissolved, ought to have been received in evidence, to show that the note given in payment for the goods sold, was erroneously given for $ 201·22, instead of the sum of $ 241·22, the actual amount of the bill, and the sum for which the note was intended to be given.

No objection was taken to this evidence, as having a tendency to control or contradict the written evidence of the receipt ; it being a well established exception to the general rule upon that subject, that a receipt may be controlled by parol evidence, showing that a less sum was paid, or that the receipt was given by mistake.

But the main question discussed is, whether on the trial of the issue against Gray, the defendant who pleaded the ad

missions of Usher, the other defendant, that the account was not paid, and that the note was given by mistake, were competent evidence. The Court are of opinion that this evidence was admissible. It must be considered as a general rule, that upon each joint contract, the admissions of each joint debtor as to the existence, payment and settlement of the joint debt, is admissible to bind the joint debtor ; and to many purposes, the character of joint debtors being once established, must be deemed to continue until the debt is paid, or by some other means, legally cancelled, barred or discharged.

This case is entirely distinguishable from that of the acknowledgment of one partner, after a dissolution, taking a case out of the operation of the statute of limitations. To produce this effect the law requires proof of a new promise within six years, and an admission is only evidence from which a jury may infer such new promise. Now it may well be argued (of this however we give no opinion) that the power of binding partners by a new promise does not exist, after a dissolution, by which the mutual power of partners to bind each other by contract, has been revoked ; and yet that after a joint liability has been shown, each may make binding acknowledgments and admissions, as evidence affecting the existence of that joint liability.

The existence of the partnership must be proved by evidence, other than such admissions, before the admissions are evidence against the partners. *Tuttle* v. *Cooper*, 5 Pick. 414. But when the partnership is proved, and a contract, falling within the scope of that partnership, which is of course a joint contract of the partners, the act of each in regard to the payment or discharge of such joint contract, binds the whole. Each has a right to the custody of the partnership goods and effects, and to the application of them to any of the purposes of the partnership, each may collect and receive debts due to the firm, and give a good discharge or release, each would have power to bind the partnership by payment of a joint debt out of the partnership funds, which implies the power of judging and determining upon the question of the existence and non-payment of such debts ; and why then should he

not be able to bind them by equivalent acts ? But if it be true generally, that the act of each partner in this respect binds the whole, *à fortiori* shall the act of the ostensible and managing partner have that effect.

Indeed, it is not necessary to decide this case solely upon the general ground stated, because there is another, growing out of the circumstances of the present case, which appears to me quite clear of difficulty. The defendant Gray was strictly a dormant partner, and the whole of the business was done by and in the name of Usher. He made all purchases, payments and settlements, and no notice of dissolution of partnership was given. Under these circumstances, Usher may be considered as the agent for the partnership, for the payment and adjustment of all demands, until the settlement and close of the joint concern. Where a notice of dissolution is given, and one partner is referred to, as authorized to make all settlements, and a creditor applies to the party thus referred to, the acts and statements of the partner thus constituted agent, to the creditor thus applying, would be binding on the partners. It is analogous to the case of a person applied to for payment of a debt ; if he refers the applicant to his attorney, whatever is said by the attorney thus referred to, is evidence against the party making such reference. Here the facts, showing how the business was conducted, justify the inference, that by mutual consent, Usher was constituted the agent to settle and close this partnership concern, even if he had not the authority simply as partner.

The Court are of opinion, that the evidence was properly admitted and that the instructions to the jury were correct ; the exceptions are therefore overruled, and the judgment of the Court of Common Pleas affirmed.