## HATCH, *plaintiff in review,* vs. DENNIS.

In an action on a promissory note of hand, brought by the indorsee against the maker, the latter, to show payment, was permitted to prove the declarations of the payee, made *before the note was indorsed,* the note when indorsed, being *over due.*

In a suit pending in the Court of Common Pleas the defendant agreed by memorandum on the docket, that " *one trial should be final on his part.*" On trial, the defendant had judgment from which the *plaintiff* appealed. *Held,* that after a trial in the Supreme Judicial Court, in which the plaintiff prevailed, the defendant might maintain a writ of review, notwithstanding the agreement.

THIS was an action of *assumpsit,* founded on two promissory notes signed by *Hatch,* the original defendant, payable to one *Clark,* or order, and by him indorsed.

In the Court of Common Pleas it was agreed by *Hatch,* and entered on record, that *one trial should be final on his part.* A verdict was returned, and judgment entered thereon, in favour of *Hatch. Dennis* appealed to this Court, and upon the trial on the appeal, a verdict was returned and judgment entered thereon in favour of *Dennis.*

On opening the present cause (in review) for trial, the counsel for *Dennis* objected to proceeding in the trial, contending that the agreement aforesaid made by *Hatch* in the Court of Common Pleas, had precluded him from maintaining this writ of review ; and that though the action had been continued one term, the objection was still open to them. But the *Chief Justice,* who presided at the trial, overruled the objection.

In defence of the action it was proved, that the notes declared on were *over due* when they were indorsed ; and *Hatch* then offered to prove certain declarations of *Clark,* made before the transfer of the notes, that the notes had been paid before they were negotiated. The counsel for *Dennis* objected to this evidence, and the presiding Judge excluded it, on the ground that *Clark* was a good witness for the defendant and should have been produced. And these two questions were reserved for the decision of the whole Court.

*Allen*, for the plaintiff in review, contended that the agreement of *Hatch* was intended merely to apply to the Court of Common Pleas — and then only in case the verdict should be *against* him. But, however the agreement may be considered, it was rendered a nullity by the *appeal* entered by *Dennis*. If not, then the objection should have been made the *first term*.

He also maintained, by reasoning at some length, that, the defendant should have been permitted to prove the declarations of the indorser, and cited, *Bridge & Eggleston*, 14 *Mass*. 245 ; *Peabody v. Peters*, 5 *Pick*. 1 ; *Stockbridge v. Damon*, 5 *Pick*. 223 ; *Sargeant v. Southgate*, 5 *Pick*. 312.

*Sprague*, for the defendant in review, insisted that the agreement of *Hatch* was in the way of the prosecution of this suit. It was not an agreement to be confined to the Court of Common Pleas, but was a *record* agreement, and of course must accompany the suit wherever it goes. And this fact, that it was a part of the *record*, is a sufficient answer to the allegation that an objection should have been made the first term.

Proof of the declarations of the payee was properly rejected. To admit such evidence would open a wide door for fraud. Persons might easily collude and avoid their contracts. But what authority is there in favour of admitting it ? The cases cited from *Pickering* go merely as to the effect of facts when proved, and not as to the mode of proof. The case of *Bridge & Eggleston* does not go the length of the doctrine set up here. Besides, there is a manifest distinction between that case and this. In that, there was a fraudulent conspiracy. Nothing of that kind is pretended here — or if there be, that it was brought home to the knowledge of the present holder. An essential ingredient in the decision of the Court in *Bridge v. Eggleston*, was that, the knowledge of the fraudulent intent of the grantor was brought home to the grantee, so that he thereby participated in it ; otherwise evidence of the declarations of the grantor would not have been received. Such also, was the decision in *Clark v. Waite*, 12 *Mass*. 439.

But distinguishable as the case of *Bridge & Eggleston* is from this, it may well be questioned whether it is to be sus-

tained. If it has not been overruled, yet it has never been cited with approbation by the Courts.

PARRIS J. at the ensuing *May* term in this county, delivered the opinion of the Court.

*Hatch,* having agreed in the Common Pleas, that one trial shall be final on his part, would have been precluded from making any further defence to the action, if the judgment of that Court had been against him. But the trial, which he had agreed should be final as to him, resulted in his favour. He had, therefore, no occasion to defend further, unless called so to do by *Dennis.* *Hatch* was willing that the trial should be final. He made no movement to disturb the judgment. *Dennis* was the dissatisfied party. He appealed and called upon *Hatch* to defend further in this Court, and it would be wholly inconsistent with any reasonable construction of the agreement, to suppose that the parties intended that the plaintiff might prosecute by appeal and the defendant not be permitted to defend. It would be placing *Hatch* completely in the power of the other party. If he, *Hatch,* failed, his agreement would conclude him. If he succeeded, *Dennis* would avoid the judgment by appeal ; and if *Hatch* is not allowed to defend in the appellate court, in consequence of the agreement, his rights are thereby wholly concluded. If the intention of the parties had been, that one *verdict* against *Hatch* should be final, it would have been so expressed. We cannot thus construe the language of the agreement as written.

The next question relates to the admissibility of the declarations of *Clark.* An indorsee without notice, and for a valuable consideration, is, in general, not affected by the transactions between the original parties. But when he takes a note under circumstances which might reasonably create suspicion, as when it is negotiated after the time of payment has elapsed, he is considered as identified in interest with the payee, and may, in an action against the maker, be met with every defence of which the maker could have availed himself in an action by the payee. The instrument still retains its negotiable character, and may be passed by indorsement, or if previously indorsed, by delivery

only, and is distinguishable from a mere chose in action, inasmuch as the holder may maintain an action in his own name. But the maker, on proof of its having been negotiated after it became due, is entitled to the benefit of any payments, which he has made previous to its transfer. He may prove the same facts in defence against the indorsee that he might have proved if the action had been in the name of the payee. In the latter case the proof could not come from the testimony of the payee, for being a party to the suit, the defendant could not avail himself of that evidence. But when the action is brought in the name of the indorsee, the payee, not being a party to the record, and not interested for the defendant, is a competent witness to prove certain facts necessary for the maker's defence, not, however, relating to the original validity of the instrument. If he be a party to the record and a party in interest, his admissions are evidence. If the instrument declared on be not negotiable, the action having been brought in the name of the payee, but for the benefit of his assignee, the admissions of the payee subsequent to the assignment, are not to be received as evidence, because, at the time of making them, he had no interest in the subject matter; but if made previous to the assignment, they may be received, because he was then admitting against his own interest, and being a party to the record, the defendant cannot make use of him as a witness. This is the principle recognised in *Hacket v. Martin,* 8 *Greenl.* 77. But where the instrument declared on is negotiable and transferred by indorsement, although not so transferred until after it has become due and payable, yet there may not be the same reason for receiving in evidence the declarations or admissions of the payee, made before the transfer, by indorsement, as there is for receiving the admissions of the payee of an instrument not negotiable; the former being a competent witness not being a party to the record, while the latter, being a party, must be excluded; and it is a general principle that the sayings and declarations of one who is a competent witness in a cause, are not to be admitted as evidence to charge another, upon the general ground, that they are but hearsay evidence, and not the best which the nature of the case affords.

But there are exceptions to this rule. *Starkie*, in his trea-
tise on evidence, says, " an admission by the owner is some-
" times evidence against one who claims title through him,"
2 *Stark.* 48 ; and a number of cases are to be found, both in
American and English reports, where the declarations or ad-
missions of the payee of a negotiable note, made while the
note remained in his possession, were received as evidence for
the maker in a suit against him by an indorsee, it having been
first. proved that the note was.indorsed after it became due. —
Such was the case of *Pocock v. Billings*, first reported in 2
*Bing.* 269, where the admissions were received, and the ver-
dict set aside and a new trial ordered, because it did not ap-
pear that the note was over due when indorsed. At the sec-
ond trial that fact appeared, and the question of the admissi-
bility of the payee's declarations, made while he held the note,
was again raised, and upon argument they were held to be ad-
missible. The same doctrine is recognised in *Shaw v. Broom*,
4 *Dowl. & Ryl.* 730 ; in *Beauchamp v. Parry*, 1 *Barnw. &
Adol.* 89, and in *Smith v. De Wruitz*, *Ryan & Moody*, 212 ;
*Graves v. Key*, 3 *Barnw. & Adol.* 313.

*Roscoe*, in his late treatise on evidence, says that the declara-
tion by the payee of a note, payable *on demand*, the note being
then in his possession, that he gave no consideration for it to
the maker, is not admissible in an action by an indorsee against
the maker, the payee being alive, and he cites *Barough v.
White*, 4 *Barnw. & Cresw.* 325. On looking into that case it
will be found that it turned upon the question whether the note
was over due when it was indorsed, and the Court all held that
it was not, and consequently that the declaration of the payee
was inadmissible. But it was said in the course of the opinion,
that where the party making the declarations can be identified
with him against whom they are offered, the declarations are
admissible as evidence ; — precisely as was said by *Bayley J.*
in *Beauchamp v. Parry*, before cited, that the indorsee of a
note cannot be affected by the declaration of the payee, unless
it be shown that he is identified in interest with him, as if he
took it without consideration, or *after it was due*. When the
indorsee is thus identified, or in other words, when he takes

the instrument subject to all the equities, which existed between the maker and payee, at the time of the indorsement, the current of English decisions shew the declaration of the payee, while he held the instrument and adverse to his own interest to be admissible as evidence in favour of the maker. The only case found in the English books where a different doctrine was holden is *Duckham v. Wallis*, 5 *Esp. Rep.* 252, where *Lord Ellenborough*, at Nisi Prius, rejected the declarations of the payee, though made against his own interest previous to the indorsement of the note. The case went off upon another point, and the question was not presented to the full court. From the recent cases in the King's Bench and Common Pleas, before cited, it would seem that the ruling of *Lord Ellenborough* is not now considered as law in *England*.

*Mr. Dane*, in his abridgement of American law, says, " the " declarations of the payee of a note, made *before* he has in- " dorsed it, may be given in evidence in an action by the holder " against the maker, otherwise, if made *after* he has indorsed " it." 9 *Dane*, 301.

We are not inclined to go to this extent in receiving the declarations of the payee, although *Mr. Dane's* general position is supported by respectable American authorities. — In order to let in the declarations, we think it must be first shown that the plaintiff is identified in interest with the payee, and according to the English cases he is so identified when it appears that he took the note after it became due, or without consideration.

In *Pocock v. Billings, Ryl. & Moody* 127, *Best C. J.* in receiving the declarations of a former holder of a bill made during his possession, likened the case to that of declarations made by the owner of an estate during his possession. — In such cases the admissions of a tenant in possession, against his title, are not only evidence against him but those who claim under him. In *Jackson v. Bard*, 4 *Johns.* 230, *Thompson J.* in delivering the opinion of the Court, said, " the declarations " of *Smith*, under whom the defendant claimed while in pos- " session of the premises, as to his title, were admissible against " the defendant. These declarations would have been good " against *Smith*, and are also competent evidence against all

" who claim under him. This principle has been repeatedly " recognized both in our own and in the English courts." In *Norton v. Pettibone,* 7 *Connect. Rep.* 319, *Dagget J.* says, in delivering the opinion of the Court, " the declarations of a " person, while in possession of the premises, are always admis- " sible, not only against him, but against those who claim under " him." In *Weidman v. Kohr,* 4 *Serg. & Rawle,* 174, *Tilgh- man C. J.* said, " there can be no doubt but the declarations of " the person under whom the plaintiff derived his title, made " during the time when he owned the land claimed by the " plaintiff, are evidence. *Nothing* is stronger than the confes- " sion of the party interested against himself. But the confes- " sions of the same person, made after his interest had ceased, " would not have been evidence. This is the settled distinc- " tion." In none of these cases was the question raised wheth- er the grantor was or was not a competent witness, and it does not appear that he was rendered incompetent by reason of any covenants in his deed. In a more recent case in the Supreme Court of *Pennsylvania,* it was decided that the declarations of a person while holding the legal title to an estate, that he was merely a trustee for another, who paid the purchase money, are admissible in evidence against those claiming under him, al- though he be, at the time such declarations are offered in ev- idence, within the reach of the process of the Court, and capable of being examined as a witness. *Gibblehouse v. Stong,* 3 *Rawle,* 437. The applicability of this principle to personal, as well as real actions is also recognised in *Snelgrove v. Martin,* 2 *McCord,* 241. The Court say, " were this not the " rule, a debtor could not be safe in taking the receipt of his " creditor. For instance, the obligee of a bond might give loose " receipts or acknowledge the bond paid in full ; but if he after- " wards assigned the bond, the assignee would hold it inde- " pendent of such acknowledgment of receipts. In a word, " there could be no reliance placed in a settlement with a " debtor, or arrangement with the owner of an estate, as he " would have merely to assign the one or convey the other in " order to get rid of his own acts."

This was an action by the indorsee against the maker of a

Hatch *v.* Dennis.

promissory note, and the declarations of the payee, before indorsement, were received as competent testimony to invalidate the note in the hands of the indorsee.    See also *Hale v. Smith*, 6 *Greenl.* 419 — and the cases there cited.

Where a negotiable note is transferred by indorsement before it arrives at maturity, the holder for a valuable consideration takes it free from all the equities existing between the maker and payee ; and inasmuch as actual payment to the payee before indorsement would not be a valid defence, so any evidence tending to prove that fact, whether arising from admissions of the payee or otherwise would be inadmissible.    Of the intimations of the learned Chief Justice, who delivered the opinion of the Court in *Webster v. Lee*, 5 *Mass.* 334, and *Barker v. Wheaton, ibid.* 512, that a negotiable note paid by the maker to the promissee previous to its arriving at maturity and before indorsement, is *functus officio* and cannot be negotiated, and that the promissor can defend himself by proving a payment prior to the transfer, we are not unaware.    That question was not distinctly presented in either of these cases, and the law seems to be now settled that the holder of negotiable paper, who receives it fairly in the way of business can recover upon it though it has been paid, if he received it before it fell due. But not so if he received it afterwards.    It is then considered as dishonoured or discredited, and is not favoured by that commercial policy which sustains the circulation of negotiable paper ; and of course the peculiar doctrines of the mercantile law do not apply.

Upon a careful examination of all the cases bearing upon this question, which we have been able to examine, including that of *Whitaker v. Brown*, 8 *Wend.* 490, we think the weight of authority is in favour of admitting the declarations of the payee, when made under such circumstances as they were in the case before us, and accordingly the verdict must be set aside and a new trial granted.