Daniel, J.
 

 John Cox, as administrator of Ruth Cox) sued to recover the slaves mentioned in the declaration; and he offered, as a witness, Daniel Cox, a brother, and one of the next of kin of his intestate. The defendant objected,
 
 *235
 
 and the court refused to admit him as a witness. This was right in the judge; for Daniel Wilson was directly interested that the plaintiff should recover in the action, so that the intestate’s estate might be increased, and his distributive share of that estate enlarged. Secondly; James Wilson another brother, and one of .the next of kin of the intestate Ruth Wilson, was offered as a witness by the defendant. The plaintiff objected, but the court admitted him as a witness. And' we think that this was also correct in the court. It is a general rule, that all witnesses interested in the event of a cause are to be excluded from giving evidence in favor of the party, to which their interest inclines them. But a witness is competent, when called on to testify by a party, against whom he is interested; or, in other words, a witness is competent when swearing against his own interest.
 
 Birt
 
 v
 
 Wood,
 
 1 Esp. R. 20. 1 Johns. Reports 59. 3 Binney 336. 2 Mum. R. 49. The other party may then cross-examine the witness as to all matters pertinent to the issue on trial.
 
 Webster
 
 v Lee, 5 Mass. Rep. 334. We think that the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.