## Asa Hodges vs. George Hodges.

A plaintiff may recover damages for the *continuance* of a nuisance, viz. a dam across a stream that passes through his land, though his declaration alleges that the stream has long been obstructed by means of a dam *erected* by the defendant.

A. and B. submitted to arbitrators, by a rule under Rev. Sts. *c.* 114, § 2, a demand made by A. on B. for a certain sum 'for injury said A. has sustained by reason of the flowing of his land by said B., by means of a dam maintained by him,' and also all demands between the parties : The award of the arbitrators was, 'each party shall pay one half of all the expenses arising from this rule, and they shall settle even all accounts and demands previous to the date' of the award : This award was accepted : A. afterwards brought an action against B. to recover damages caused by the same dam, and B. defended on the ground that the award was a bar to the action : *Held*, that the claim for damages, made by A. in the submission, was only for the flowing of his land up to the date of the submission, and not for gross damages, including future injury by the continuance of the dam ; but that, as the award was accepted, it was a bar to A.'s claim for damages, up to the date thereof, but was not a bar to his claim for damages afterwards sustained. *Held* also, that the testimony of the arbitrators was admissible to show that they allowed damages to A. for the injury caused to him by the dam, and set them off against the demands of B. on him.

An action at common law lies for damages caused by flowing land by a dam that has been connected with a mill, if the defendant has abandoned the intention of again using the dam and water as a mill power; and the jury may decide whether he has abandoned such intention.

Though a jury, on the trial of an action for the continuance of a nuisance, give damages for a little longer time than they ought, yet a new trial will not be ordered, for this cause, if the plaintiff remit such part of the damages as is thus wrongly assessed by the jury.

TRESPASS upon the case. The declaration alleged, that the plaintiff " on the 20th of May 1732, and long before and ever since, was seized in fee and possessed of a parcel of meadow land in Norton bounded on the easterly side by a highway," [setting out all the boundaries] " through which meadow run an ancient brook ; that the water from said brook, from the time whereof the memory of man runneth not to the contrary, into the natural channel was wont to run ; yet that said George, on the said 20th of May 1832, and long before and continually afterwards, up to the day of the date of the plaintiff's writ, the ancient course of the water of said brook hath obstructed by means of the making of a bar or dam across said ancient course of the water of said brook, to turn the same into a certain sluice, on the northerly side of said brook, erected by the said

George ; by reason of which obstruction, the water of said brook overflowed the said meadow land, both summer and winter, all the time aforesaid, and thereby spoiled the same, injured the quality and reduced the quantity of grass," &c.

The trial was before the chief justice, who made the following report thereof : The evidence tended to show that the plaintiff was the owner of the meadow described, by inheritance from his father ; that it was separated from a tract of meadow land owned by the defendant, and inherited from his father, by a road upon which was a bridge over a small brook ; that said brook constituted the natural outlet and drain of a tract of bog meadow, and flowed from the plaintiff's to the defendant's meadow ; that the defendant, and his father before him, have had a dam across the brook, below the road that divides the plaintiff's part of the meadow from the defendant's, by which the water has been raised and kept up during the winter only, for the purpose of carrying a wheel for the use of a fulling mill, trip hammer, &c. : That about 20 years ago, the defendant, with his father who has since deceased, were jointly in possession of the lower meadow, and of the dam and the works connected therewith : That about that time, the defendant, or his father, cut a small canal, beginning at the upper part of the meadow now owned by the defendant, near the road, at the side of said brook or outlet, and continuing it along the margin of said meadow, about 30 rods, to the defendant's shop below, where it was turned upon a water wheel, and used to carry a smith's bellows, &c. : That by a mill dam, separating it from the larger or winter pond, it was kept up and used as a water power in summer, when the larger pond was down : That below the road, and just below the upper end of said canal, sand and mud gradually accumulated, and that, at length, the brook took the direction of said canal, and all the water, when not high, has flowed down in the canal.

Whether there was any original channel or river bed, or whether the water originally spread over the meadow ; whether the defendant or his father placed any obstruction there, to turn the water into the canal, or whether the bank was formed there

naturally, by means of the earth washed down from the road ; whether, if the bank was placed there by design, it raised the water so as to cause it to flow back upon the plaintiff's land — were questions of fact which were left to the jury, upon the evidence.

The defendant, in addition to a general denial of liability, relied upon two distinct grounds. 1st. That the plaintiff's remedy was barred, and the whole case settled, by an award between the parties. 2d. That if the plaintiff had any remedy, it was upon the mill act, (Rev. Sts. *c.* 116,) and not an action upon the case for a nuisance.

As to the *first* ground, viz. the bar by an award, the defendant gave in evidence a submission entered into by himself and the plaintiff, on the 20th of August 1834, before a justice of the peace, upon a demand made of the defendant by the plaintiff of the sum of " six hundred dollars for the injury the said Asa has sustained by reason of the flowing of his land in Norton, done by the said George, by means of a dam maintained by him across a brook or river in said Norton." The agreement was " to submit the said demand made by the said Asa against the said George, and all other demands between the parties, to the determination of " [three men named,] " the report of whom, or the major part of whom, being made, as soon as may be, to any court of common pleas to be held in and for said county of Bristol, judgment thereon to be final," &c. The award of the referees was, " that each party shall pay one half of all the expenses arising from this rule, and that they shall settle even all accounts and demands previous to this date. October 1st. 1834." This award was returned and accepted.

The jury were instructed, that this submission and award were a bar to any claim of damages for originally erecting the dam, and also for the continuance of the same to the time of the submission ; but that, unless the arbitrators had wholly negatived the plaintiff's claim for any damage for flowing, the award was not a bar to a claim for damages for the continuance of the nuisance. As the award was equivocal, in this respect, the testimony of two of the referees was admitted, which tended to

show that they did find some damage for the plaintiff, but set it off against other demands on the other side.    To the admission of this testimony the defendant excepted.

It was also objected by the defendant, that if in other respects the plaintiff would be entitled to recover on the evidence, yet he could not recover in this action, because the declaration was so framed as to charge the erection of a nuisance, and that it did not charge a technical continuance of a nuisance.    But the objection was overruled, and the jury were instructed, that if in other respects the plaintiff had made out a case for the continuance of a nuisance, he might, on this declaration, recover damages for such continuance from the day of the aforesaid submission to the time of the commencement of this action.    To this instruction the defendant excepted.

Upon the *second* ground, viz., that the plaintiff's remedy, if he had any, was upon the mill act, there was evidence tending to show that, for a few years last past, the mill wheel which used to be carried by means of the summer pond and the water conveyed by the canal in question, had ceased to be used ; that the water of the summer pond was not separately kept up, but first intermixed with the water of the winter pond on the larger dam ; and that the only mill wheel, that was used, was the wheel driven by the winter pond.

The jury were instructed, that if the canal was cut, and the dam, bank or obstruction, was erected near the head of it, to turn the water into it, and then conduct it to the defendant's shop for the purpose of driving any machinery of the kind mentioned, it was a water mill, under the protection of the mill act ; but if, at any time before this action was commenced, it had ceased to be used for mill purposes ; and if the defendant had given up the intention of again using it as a separate mill power, and abandoned it, then it had ceased to be a mill dam and to be under the protection of the mill act ; and that if the plaintiff was entitled to any remedy, it was by this action at law, and not upon the mill act.    To this instruction the defendant excepted.

The jury found a verdict for the plaintiff, for the continuance of the nuisance from the 20th of August 1834, the date of the

submission, to the 19th of May 1838, the day of the commencement of this action.

Verdict to be set aside, and a new trial awarded, if any of the foregoing rulings were wrong.

*Pratt*, for the defendant. The declaration is not properly adapted to the case proved, and the plaintiff cannot recover thereon for the *continuance* of a nuisance. Angell on Watercourses, (1st ed.) 89. 2 Chit. Pl. (6th Amer. ed.) 770, *&* *note*. *Staple* v. *Spring*, 10 Mass. 74. *Commonwealth* v. *Gowen*, 7 Mass. 378. *Johnson* v. *Long*, 1 Ld. Raym. 370 : 3 ib. 259. Com. Dig. Action upon the case for a Nuisance, B. As the defendant and his father erected the dam, the defendant is not liable to an action for continuing it, until after notice given to him to remove it. 1 Chit. Pl. (6th Amer. ed.) 77, 423. Jenk. 260. *Penruddock's case*, 5 Co. 101. *Tomlin* v. *Fuller*, 1 Vent. 48 : 1 Mod. 27.

The award was a bar to the whole case ; and parol evidence to explain the award should not have been admitted. *Homes* v. *Aery*, 12 Mass. 134. *Newburyport Ins. Co.* v. *Oliver*, 8 Mass. 408. *Smith* v. *Whiting*, 11 Mass. 445. *Webster* v. *Lee*, 5 Mass. 337. *Wheeler* v. *Van Houten*, 12 Johns. 311. *Buckland* v. *Conway*, 16 Mass. 396. *Ward* v. *Gould*, 5 Pick. 291. *Newland* v. *Douglass*, 2 Johns. 62. *Irvine* v. *Elnon*, 8 East, 54. *Smith* v. *Johnson*, 15 East, 213.

The judge ruled that the award was a bar only to the recovery of damages up to the date of the submission ; and the jury have given damages according to the ruling. Yet the arbitrators gave damages (if any) up to the date of the award ; and as the award was accepted, the plaintiff has received damages up to the same date. So that the defendant, on this ruling, is charged for damages, in part, for which he has once *settled*, conformably to the terms of the award.

The plaintiff's remedy, if any, was under the mill act. *Stow ell* v. *Flagg*, 11 Mass. 364. *Wolcott Woollen Manuf. Co.* v . *Upham*, 5 Pick. 292. Abandonment was a question of law, and should not have been left to the jury. The plaintiff lost nothing by a disuse of his works for a short time ; *Williams* v.

18 *

*Nelson,* and *French* v. *Braintree Manuf. Co.* 23 Pick. 141, 220 ; nor by changing them.     *Saunders* v. *Newman,* 1 Barn. & Ald. 261.

*Coffin,* for the plaintiff.     The declaration does not aver that the defendant erected the dam ; and doubtless, if the plaintiff had proceeded for damages caused by its erection, he could not recover.     But a party may recover for the continuance of a nuisance, even though he aver an erection and continuance also. *Beswick* v. *Cunden,* Cro. Eliz. 402. *Brent* v. *Haddon,* Cro. Jac. 555.

It can be " understood by the court," that the declaration is for a continuance of the dam, and not for its erection ; and therefore, by Rev. Sts. c. 100, § 21, the plaintiff is entitled to his verdict.

As the submission was of all demands between the parties, it does not follow from the fact that the arbitrators gave damages to neither party, that they decided that the plaintiff had sustained no damages.     They doubtless set off one party's claim against the claim of the other ; and the parol evidence was properly received in explanation of the award.     Greenl. on Ev. §§ 282, 532. The arbitrators made no mistake, as in the case in 2 Johns. 62, nor did the testimony given by them tend to give a legal construction to their award, as was attempted in 5 Pick. 291.

The jury having found that the defendant had abandoned his mill right, the plaintiff has no remedy on the mill act.     *French* v. *Braintree Manuf. Co.* 23 Pick. 216.     And he will remit the damages which the jury gave for the time between the date of the submission and of the award.

HUBBARD, J.     The defendant objects to the declaration in this case, that it does not charge a technical continuance of a nuisance, but is merely a count for the erection of a nuisance. There is a difference, and oftentimes a material one, between a count for erecting and creating a nuisance, and a count for the continuance of such nuisance.     But these counts may be and often are joined in the same writ.

The declaration in the present action is not drawn with peculiar skill ; but the same critical astuteness is not now applied to the detec 'on of technical mistakes and variances in pleadings as

in former years, and our statutes have provided that writs, declarations and other proceedings, shall not be abated, arrested, quashed or reversed, for any circumstantial errors or mistakes, when the person and case may be rightly understood by the court.   Rev. Sts. *c.* 100, § 21.   Now the declaration in this case avers that on the 20th day of May, and long before, and continually afterwards, up to the day of the date of the writ, the defendant had obstructed the brook, by means of a dam erected by him ; by reason of which obstruction the water overflowed the plaintiff's meadow, both summer and winter, all the time aforesaid, and thereby spoiled the same during the time aforesaid, &c.

In an action for erecting a nuisance, though the exact time of erection need not be averred in the declaration, yet the fact of the erection, on some given time, must be distinctly charged ; but in an action for continuing a nuisance, the time of its erec tion or creation need not be set forth ; as was determined long ago in the action of *Westbourne* v. *Mordant,* Cro. Eliz. 191, a case strongly resembling the present ; and we think the injury, here complained of, is in fact for continuing the obstruction, and not for creating it :   And we are of opinion that the action may be supported upon this declaration.

The defendant also contended that the award was a bar to the action.   If this had been a suit for the erection of the nuisance, the award would be a good bar, because injuries to the land, preceding the submission, are embraced in it, by its terms.   But we are satisfied, on looking at the submission and award, that a claim for damages was only made for flowing the demandant's meadow up to the time of the submission, and not for gross damages, including any future injury for the further and lasting continuance of the nuisance, subsequent to the period of making the award.   And we are also of opinion, that under the authority of *Webster* v. *Lee,* 5 Mass. 334, parol evidence was properly admitted to show that the present claim was not submitted to the referees for their examination and award.   See also *Ravee* v. *Farmer,* 4 T. R. 146. *Seddon* v. *Tutop,* 6 T. R. 607. *Bailey* v. *Lechmere,* 1 Esp. R. 377.   *Parker* v. *Thompson,* 3 Pick 429.

· It has been also urged by the defendant, that if the plaintiff has any claim for damages, his remedy is under the mill act. We think it was very properly submitted to the jury, whether the defendant had abandoned the intention of again using the dam and sluice way as a separate mill power, independent of the main dam :    And they having found that he had abandoned such use of the same, and the defendant not having requested the evidence, upon which the question of law stated by him might properly arise, to be reported for our consideration, we think the plaintiff cannot be compelled to resort to the mill act for redress.    *French* v. *Braintree Manuf. Co.* 23 Pick. 216.

In regard to the time for which the jury calculated the damages, viz. from the 20th of August, 1834, the date of the submission, to the 19th of May 1838, the commencement of this action, it is evidently too long and is founded on a mistake in taking the date of the submission for a starting point, instead of the date of the award, Oct. 1st 1834.    But it seems unnecessary to set aside the verdict for the correction of this trifling mistake ; and the plaintiff, on remitting one dollar of his damages, can have judgment for the difference.