We think the judge below was correct in overruling the objection. The witness had no such interest as would disqualify him from giving evidence for the plaintiff. It is the object of course of justice to ascertain the truth in every case brought before them; and to this end such rules have been adopted with respect to evidence as are considered best calculated to its attainment; some of them extremely arbitrary, and justifiable only as being a portion of a general system. Among these rules is that which excludes a witness, without any regard to his moral standing, because of interest. It is not, however, every interest that does exclude a witness. A son has a deep interest in securing or in adding to the property of his father; yet he is a competent witness for him in a suit affecting even his entire property. The law says this interest is too remote. But the instant the father dies, the son is incompetent, because he then is interested directly in increasing or preserving a fund, to a distributive share of which, as next of kin, he is entitled. Cox v. Wilson, 24 N.C. 234. The interest, then, which does exclude must be a legal and beneficial one in the subject-matter for the recovery of which the suit is brought, or when he is called to protect or increase a fund which a recovery in the suit will increase or diminish. The witness Barnard stands in no such position here. He expressly states that between him and the plaintiff no contract existed as to compensation of any kind; that his services were those of a friend, *Page 251 
and, in law, according to his testimony, amounted to a voluntary (358) courtesy, for which no action could be maintained. It is said, however, by the defendant's counsel, in argument, that the witness stated he thought it likely the plaintiff would give him something for his services, and gave his reason for so thinking. He had performed similar services for the plaintiff, and he had given him money for it; but he went on to state that if the plaintiff did give him anything, "it would not be because he was under an obligation to do so." A more full, direct, and positive negation of all legal interest in the cause could not be given by a witness. It was at one time thought, and there are dicta to that effect, that when a witness believed himself interested, though in fact he was not, he was rendered incompetent. The contrary doctrine is now fully established. Bank v. Hughes, 17 Wend., 102; 8 Johns, 428. So, also, if a witness conceive himself bound in morality or honor to make good any loss sustained by the person in whose favor his evidence is to be given, in consequence of a judgment against him, he is still a competent witness.Gilpin v. Vincent, 9 Johns, 220; Moore v. Hitchcock, 4 Wend., 297; 2 Smith Leading cases, 99. These authorities show that the interest which excludes a witness must be a direct legal interest; otherwise, the objection is to the credit and not to the competency of the witness. The leaning of the courts in modern times (I use the expression in reference to the old cases) is to let the objection go to the credit rather than to the competency, where a doubt may arise. Walton v. Shelly, 1 Term, 300; King v. Bray, Rep., in time of Lord Hardwicke; Bent v. Baker, 3 Term, 27. Here, there is no doubt the witness had no legal interest whatever. It will be observed that this opinion is confined to the question of the interest that disqualifies a witness, and not to the different modes by which it may be tested; as whether the verdict can be given in evidence for or against him, or his liability to costs.
We concur with his Honor who tried the cause, that the witness (359) had no such interest as excluded him, but that the objection went to his credit.
PER CURIAM. No error.