BENJAMIN EDWARDS *vs.* JOSEPH STEVENS.

An award upon a submission of all demands between the parties, although accepted and paid, does not bar a demand not presented to the arbitrators.

CONTRACT upon a promissory note. At the trial in the superior court, evidence was introduced in defence, that since the date of the note the parties had entered into an agreement submitting to the determination of arbitrators a certain specified demand of the defendant against the plaintiff, " and all other demands whatsoever"; and that an award thereon had been made, accepted and paid. It appeared by the award that the note in suit was not included therein ; and the defendant offered to prove that the agreement to refer was intended to cover all demands existing between the parties, and that the defendant signed it with the understanding that this note should be submitted with other demands, and that the plaintiff, though having reasonable cause to believe such to be the defendant's understanding, designedly withheld the note from the arbitrators : but *Morton,* J. excluded the evidence.

A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*I. S. Morse,* for the defendant.

*G. M. Brooks,* for the plaintiff.

METCALF, J. These exceptions cannot be sustained. For though the submission was broad enough to include the note now in suit, yet the note was not submitted to the consideration of the arbitrators. Their award, therefore, and the acceptance and payment of it, left the plaintiff's claim to payment of the note wholly unaffected by the submission and the proceedings under it. The defendant's remedy, if he has any, is by action against the plaintiff for breach of his agreement contained in the submission. *Webster* v. *Lee,* 5 Mass. 334. *King* v. *Savory,* 8 Cush. 312. *Bixby* v. *Whitney,* 5 Greenl. 196. *Whittemore* v. *Whittemore,* 2 N. H. 26. If the defendant had objected to the

validity of the award, on the ground that the arbitrators had not passed upon all the matters submitted to them, perhaps the award might have been set aside. But that objection is not now open to him. The evidence, which he offered at the trial, was properly excluded; for if it had been admitted, it would not have sustained a defence to the action.

*Judgment on the verdict.*