NOTES—INDORSEMENT BEFORE MATURITY—PAYMENT TO PAYEE—PRESUMPTION.

Whether in an action by an indorsee of a negotiable note against the maker, a discharge by the payee shall be available as a defense until it be shown by the maker that the receipt was given before the indorsement was made.

This was an action by [Robert Stuart and Hamilton Stuart] the indorsees of a promissory note against [David Greenleaf] the maker. The note was made in the state of New York, and was, by the laws of that state, negotiable. It was payable to John I. Staples & Son, and by them indorsed to the plaintiffs.

The defendant offered in evidence two receipts, signed by John I. Staples & Son, for two hundred dollars each, which he contended ought to be allowed in part on the note, unless the plaintiffs could prove that it was assigned to them before the receipts were given.

The plaintiffs contended that the onus probandi lay upon the defendant; that every indorsed note was presumed to have been indorsed the day it was made, or at any rate before it became due, unless the contrary were shown. And of this opinion was LIVINGSTON, Circuit Justice.

EDWARDS, District Judge, was of a contrary opinion, and strenuously contended that the onus probandi lay upon the plaintiffs.

It afterwards appeared that the case was with the plaintiffs on other grounds.

Daggett & Bristol, for plaintiffs.
The District Attorney, for defendant.

NOTE. Indorsement of Note—Presumption as to.—It is a legal presumption that the indorsement of a note was antecedent to its becoming due. Pettis v. Westlake, 3 Scam. 538, citing case in text.

---

STUART (LATHROP v.). See Case No. 8,-113.

STUART (PETROCOKINO v.). See Case No. 11,041.

STUART (PRESTON v.). See Case No. 11,-398.

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]