## PINKERTON *vs.* BAILEY.

A promise by the *maker* of a note, barred by the *statute of limitations*, when called upon for payment, to *settle the note*, is equivalent to a *promise to pay;* and an *endorsee* may avail himself of such promise, although notice of the endorsement to the maker is not shewn.

The *endorsement* of a note, in presumption of law, is *cotemporaneous* with the making of it, or at all events that it was antecedent to its becoming due; if the defendant in a suit by the *endorsee*, wishes to avail himself of payment to the *original holder*, it is incumbent upon him to shew the endorsement to have been subsequent to the payment.

THIS was an action of assumpsit, tried at the New-York circuit in June, 1829, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The suit was on a promissory note for $550, dated 27th October, 1818, payable to the order of *Thomas Scott*, 60 days *after date.* The plaintiff declared as *endorsee* under an endorsement alleged (as usual) to have been made on the day of the date of the note. The defendant pleaded *actio non accrevit infra*, &c. and the plaintiff replied that the action did accrue within six years, &c. The suit was commenced in August, 1827. The attorney for the plaintiff testified that the note was left with him for collection in September, 1824, that he wrote the defendant, who called upon him, admitted the note, and promised to *settle* it. The defendant proved that in 1820, the defendant and *Thomas Scott*, the payee of the note, accounted together, upon which occasion the note in question was taken into account and a note for $130 given to Scott by the defendant, and several items of indebtedness from Scott to the defendant recognized and left for future adjustment. Notwithstanding this evidence, which appears to have been received without objection, the judge directed the jury to find for the plaintiff for the amount of the note and the interest thereof, who found accordingly, and the defendant moved to set aside the verdict

*G. Wilson*, for the defendant. The promise to *settle* was not a promise to *pay*, and did not take the case out of the stat-

ute. The promise was entirely consistent with the set-off proved on the trial. There was no proof that the defendant, when he promised to settle, was informed that the note had been transferred to the plaintiff; he must be understood to have made the promise under the impression that the note still remained in the hands of the payee. The promise was not an admission that he was liable and willing to pay ; the expression is vague, equivocal and indeterminate, and the promise of the defendant is fulfilled by the exhibition of his claims against the payee of the note.

*P. W. Radcliff*, for the plaintiff. The promise to *settle* the note was sufficient to take the case out of the statute. 5 Binney, 579. The promise was clear and unqualified, and no allusion was made to any set-off. The evidence of a settlement in 1820, between the defendant and the payee, unaccompanied by proof that the note was subsequent to that time transferred, could not prejudice the plaintiff. The law presumes the note was tranferred before due, and evidence of payment to the original payee was unavailing, unless the' time of the transfer was shewn by the defendant to have been subsequent to the settlement. 5 Mass. R. 334. 3 Day, 311.

*By the Court*, SUTHERLAND, J. The acknowledgement was clearly sufficient to take the case out of the statute. The plaintiff's attorney testified that in September, 1824, the note was left with him for collection ; that he wrote to the defendant for payment of the note ; that the defendant called upon him, admitted the note, and promised to settle the same. This is all that is necessary to take a case out of the statute. A *promise to settle* under such circumstances must be equivalent to a *promise to pay*. The defendant was called upon for the payment of a liquidated demand—a promissory note ; and in answer to such call, expressly admitted the giving of the note and promised to settle it, without alleging any counter demand or off-set. To settle in such a case, must mean to pay. 5 Binney, 579.

The case of *Dean* v. *Hewitt*, 5 Wendell, 256, expressly decides that an acknowledgement of, or promise to pay a nego-

tiable note, after it is barred by the statute of limitations, en- ures to the benefit not only of the then holder, but of any sub- sequent endorsee, and that such endorsee may recover upon the strength of it in his own name. The action is founded upon the original promise, and the effect of the acknowledg- ment is merely to keep alive or revive the remedy. The ac- knowledgement is evidence of a promise to pay the note as a negotiable instrument, that is, to pay it to any *bona fide* holder within six years. The distinction between a debt barred by the statute of limitations, and one discharged under an insol- vent act, is perfectly established in England and in this state. 3 Wendell, 135.

The evidence of a payment or settlement of the note be- tween the original parties in 1820, was properly disregarded. The note was made in 1818, payable in 60 days. The pre- sumption of law is, that the endorsement is cotemporaneous with the making of a note, or at all events, was antecedent to its becoming due. When the time of the endorsement be- comes material to let in the defence of payment, &c. it is in- cumbent upon the defendant to shew it, and rebut the legal prsumption arising from the face of the transaction. *Webster* v. *Lee*, 5 Mass. R. 339. 3 Day, 311.

New trial denied.