SAMUEL DIBBLE, PL'FF. VS. WILLIAM GASTON, GARNISHEE.

*Certiorari to a Magistrate's Court.*

The master of a vessel consigned to G. wrote a letter by H. the Pilot who carried the vessel out, informing G. that the ship had crossed the bar in safety and *requesting* G. to pay H. $35, the amount of pilotage due, "and *oblige* your obedient, &c." H. indorsed on the letter, "Pay to L. or order." D. a creditor of H. sued him and garnisheed G. (as the creditor of H.) who returned under oath, that previously to such garnishment L. had presented such letter indorsed as above, and that he (G ) had promised to pay the amount to L. *Quære*, if such letter was a bill of exchange, or an order in the nature of a *chose in action.*

*Held,* that if considered as a bill of exchange, the indebtedness of G. *as acceptor,* created a liability to L. the then holder, and not to H. who had parted with his interest in it.

*Held,* also, that if it was a *chose in action,* the indebtedness of G. was created only *by his promise,* and that this being made to L. produced a privity of contract between G. and L. only, and that therefore G. had never been the debtor of H.

The facts of this case were, briefly, as follows: *Goldie,* the master of a vessel consigned to *William Gaston,* wrote a letter to Mr. *Gaston,* by *Harden,* the Pilot who carried the vessel out, informing Mr. *G.* that the ship had crossed the bar in safety, and adding, "you will please pay Mr. *Harden* the sum of $35, the amount of his pilotage, and oblige your obedient servant." *Harden* endorsed on the letter, "Pay to *John Low,* or order." *Dibble,* the plaintiff, who was a creditor of *Harden,* sued him in a Magistrate's Court, and garnisheed *Gaston,* (as the debtor of *Harden,*) who returned under oath, "that he had antecedently to the summons, promised to pay *Low* the amount for which the order was drawn, *Low* presenting to him an order in favor of *Harden,* which was indorsed by *Harden* to *Low.*" No evidence was offered by the plaintiff in the Court below, but the Jury gave a verdict in favor of *Dibble* against *Gaston* as garnishee, and the proceedings were carried by *certiorari* to the Superior Court.

### By NICOLL, Judge.

HAVING seen nothing calculated to shake the opinion already

[Dibble vs. Gaston.]

entertained in relation to the regularity of the proceedings, it only remains to me to express my opinion on the merits of this case.

The real question in the case is, not that which has been discussed at the bar, whether *John Low* was the creditor of the garnishee at the time the summons was served on the latter, but whether the garnishee was the debtor of *Harden*, the defendant in the original suit; for it was only as such debtor that judgment could be rendered against him. Now the indebtedness of the garnishee to the original defendant, is predicated exclusively upon the order drawn by Captain *Goldie* on the garnishee, in favor of *Harden*. This order must be regarded in one of two lights, either, 1st. as a bill of exchange, which the garnishee's counsel insist it is, or 2dly. as a mere private request or order, in the nature of a *chose in action* and not negotiable by indorsement, as is contended by the counsel for the plaintiff.* But in which ever of these lights. it be regarded, I can perceive no difference in the legal result.

If it were a bill of exchange, the indebtedness of the drawee did not arise until acceptance, which acceptance constituted an engagement to pay the sum specified in the bill, to the then holder, or to those who should thereafter be the holders, It is immaterial therefore, whether the acceptance was before or after the service of the summons, in either event, the drawee became the debtor, not of *Harden* who had ceased to be the holder, but of *Low* who had become the holder. The indebtedness of *a drawee upon the bill* is the result only of his acceptance, and *as* acceptor, and that acceptance would create a liability not to the payee, who had parted with his interest in the paper, but to him who was then the holder of it, or to whom he should thereafter transfer it. But there

---

* A paper in these words, "Mr. L. please let the bearer have £7, and place it to my account, and you will oblige your humble servant R. S." is not a bill of exchange. (1 Moo. & Mal. 171, 22 En. C. L. Rep. 280.—(*Ed.*)

is no evidence that the garnishee ever promised payment to *Harden*, or that he ever accepted the order while it remained in the hands of *Harden*.

And if the paper be treated as a mere *chose in action*, the same result will follow.   The true inquiry, it will be noted, is not whether the paper was negotiable, and therefore, whether the garnishee became the debtor of *Low*, but whether he was the debtor of *Harden*.   Now, it must be obvious, that if this paper was not a bill of exchange, but a mere *chose in action*, the assignment of which could not make *Low* the legal creditor of the garnishee, equally was any claim arising out of the indebtedness of the garnishee to *Goldie*, if any such indebtedness existed, a *chose in action*, and therefore the assignment of such claim from *Goldie* to *Harden*, in which light the objection assumes the paper to be, could not constitute the latter the creditor of the garnishee.   The objection therefore, since it would, if well founded, show that *Harden* was not the creditor of the garnishee, would be fatal to the plaintiff's right of recovery.   But independently of this consideration, if it were such *chose in action*, then to produce a privity between the original defendant and the garnishee, and to make the latter a debtor to the former, there should have been a promise of payment by the garnishee to the defendant.   (*Williams* vs. *Everett*, 14 East, 582.    *Yates* vs. *Bell*, 3 B. & A. 643, *Hodgson* vs. *Anderson*, 3 B. & C. 842.    10 C. L. Rep. 247.    *Tiernan* vs. *Jackson*, 5 Peters, 580, 597.   *Weston* vs. *Barker*, 12 Johns. 276, 280.) But there was no such promise from the garnishee to *Harden*, on the contrary his promise was to *Low*, and that promise, as is established by the cases just cited, made him the debtor of *Low*.  This view supersedes the inquiry, whether the acceptance or promise by the garnishee, was before or after the service of the process on him.   For though it were after the service, the acceptance, (if the paper be treated as a bill of exchange,) from which only his indebtedness could result, was of a bill, the interest in which had

passed from the original defendant, which was the property of *Low*, to whom as holder, the drawee by his acceptance became debtor, and no acceptance of which could make him the debtor of *Harden*, the payee, who had ceased to be the holder, and who could have no interest in it. So, if it was a *chose in action*, it is equally immaterial though the promise was made after the service of the summons. The indebtedness of the garnishee to the assignee, could be created only by his promise: that promise was made to *Low*, not *Harden*, and made *Gaston* the debtor of the former, not of the latter.

But the evidence ascertains, that the acceptance or promise, which ever it may be called, was made before the service of the summons of garnishment. The return made under oath by the garnishee, the only evidence upon which the plaintiff could have relied for a recovery, for he offered none other, expressly states, that "he had *antecedently* to the summons, promised to pay *Low*" the amount for which the order was drawn, "*Low presenting* to him an order in favor of *Harden*, which was endorsed by *Harden* to *Low*." And the necessary implication from the testimony of *Low*, who states, that previously to the service of the summons, "Mr. *Gaston* had inquired of him, if he had the order, and desired him to come round to the counting room, and that he would pay it," is, that Mr. G. then knew that *Low* held the order, and was entitled to payment, and this implication is confirmed by the fact, that *Low* received the payment for the order, had it then in his possession, with the endorsement or assignment of *Harden* upon it, and delivered it up to the garnishee, upon receiving payment. To resist this conclusion, the presumption must be entertained, that Mr. *Gaston* knew that the plaintiff was about to issue the process of garnishment, and that he designed, though having no interest, fraudulently to defeat the plaintiff's remedy. But such presumption arises out of, and is countenanced by no fact in the cause, and is repelled by the rules of law, by which fraud is never presumed. But did not the evidence ascertain the fact, yet would

[Dibble vs. Gaston.]

there be a want of title in the plaintiff to recover against the garnishee. To authorise such recovery, he should affirmatively establish his title, by proof that the garnishee was the debtor of the defendant in attachment, and to constitute this proof, it was essential that the acceptance, or promise of payment, should have been made to *Harden*, or at least while *Harden* was the holder of the order, and that the transfer from *Harden* should have been after the service of the summons of garnishment. And the obligation of so proving, was imposed on the plaintiff, not only by the attitude in which he stood to the cause, but also by the presumption of law, in relation to paper of the nature of that concerning which this controversy arises, that the endorsement was made simultaneously with the making of the instrument, which presumption must prevail, until encountered by adverse evidence. (*Pinkerton* vs. *Bailey*, 8 Wend. 600. *Webster* vs. *Lee*, 5 Mass. 334.) But there is an entire absence of any such evidence in the cause. I am therefore, of opinion, and it is considered by the Court, that the verdict below, and the judgment thereupon, were erroneous, and must be set aside. Whereupon it is ordered, that the same be certified to *James Cleland*, Esq. the Magistrate before whom the verdict and judgment complained of, were rendered, that the said proceedings may be corrected, and right and justice may be done in the premises.

Judgment Reversed.

M. SHEFTALL, Sen. for plaintiff—MILLEN & CHARLTON, for garnishee.