Pettis *v.* Westlake *et al.*

---

STEPHEN PETTIS, appellant, *v.* BENJAMIN F. WESTLAKE *et al.*, appellees.

*Appeal from Pike.*

Where a plea of setoff of certain assigned notes is inartificially drawn, and does not describe the notes with sufficient certainty, and for these causes would be bad on demurrer, a plaintiff, by tendering an issue on it, waives his right to make these objections, either on the trial, or in the appellate Court; and the production of the notes, with the endorsement thereon, is *prima facie* evidence of their possession before the commencement of the suit.

Defences of setoff are regarded as in the nature of cross-actions. The defendant can only introduce, by way of setoff, such demands as were existing causes of action in his favor at the time the suit was instituted. He is not permitted, after

he has notice of the suit, to purchase up claims against the plaintiff, and by producing them on the trial, defeat the plaintiff's action, and subject him to the payment of costs.

The plea of setoff is an affirmative one, and it is incumbent on the defendant to prove as well the genuineness of the demand he seeks to setoff, as that it was due him when he was sued.

The legal presumption is, that the endorsement of a note was antecedent to its becoming due. If the time of the endorsement becomes material. for the purpose of letting in a defence, it is the duty of the maker to show it, and thus rebut the presumption of law; and this presumption prevails where the note is used as a setoff, as well as where a suit is instituted upon it.

This cause was heard in the Court below, at the September term, 1842, before the Hon. Samuel D. Lockwood and a jury.

J. J. Hardin and D. A. Smith, for the appellant, relied upon the following points and authorities:

The note setoff must be owing to the defendants at the commencement of the suit. 1 Caines 69; 4 East 502, 507; 3 Term R. 186.

The same rule of law is to be applied to cases of setoff, as in cases of bankruptcy under the bankrupt law of 5 George II. 630, § 28. 6 Term R. 59.

Where a defendant offers an assigned note in evidence as a setoff, the *onus probandi* lies on him to show that he held the note at the commencement of the suit. 6 Term R. 59; Ogden *et al. v.* Cowley, 2 Johns. 278; Carpenter *v.* Butterfield, 3 Johns. Cas. 145; Jefferson County Bank *v.* Chapman, 19 Johns. 322; 4 Phillipps' Ev., Cow. & Hill's Notes, 338; Caines' Cas. 302; 1 Johns. Cas. 51.

A promissory note endorsed cannot be given in evidence by the endorsee against the maker, under the common counts. Chit. on Bills 594; 2 Stark. Ev. 183–4, note i, l; 1 Campbell 175; 4 Phillipps' Ev., Cow. & Hill's Notes, 19.

It is a general rule, invariably acted on when the plaintiff makes out a *prima facie* right to recover, if the defendant seeks to avoid the recovery of the judgment, the *onus probandi* is on him, so as to rebut every presumption in favor of the plaintiff. Thus, if, in a suit by the endorsee, the defendant pleads payment to the payee, prior to the endorsement, he is bound to prove payment so made. Presumptions of law do not come in, in such a case, to aid the defendant.

E. D. Baker and A. T. Bledsoe, for the appellees, relied upon the following points and authorities:

1. When a note is endorsed, without date to the endorsement, the law presumes that it was endorsed before the note became due. Foster *v.* Inman, 8 Wend. 602; Webster *v.* Lee, 5 Mass. 334.

2. It is well settled, that an action between the endorsee and maker of a promissory note, the note and endorsement may be given in evidence under the money counts. 3 Burr 1516; 12

Johns. 94; 2 Ld. Raymond 930; Bayley on Bills 95; Chitty on Bills 267.

3. There can be no doubt that the note and endorsement were properly received in evidence under the third plea, which refers to the note and endorsement, and under which a bill of particulars, including said note and endorsement, was filed by the appellees.

TREAT, Justice, delivered the opinion of the Court:

In March, 1842, Pettis brought his action against Westlake and Bates. The declaration is in *assumpsit* on a promissory note. Pleas: first, *non assumpsit;* second, that the plaintiff was indebted to the defendants for goods sold, money lent, &c. ; third, that the plaintiff was indebted to the defendants, in a sum greater than the amount claimed in the declaration, for goods sold, money lent, had and received, and paid, "and also by virtue of certain promissory notes executed by the said plaintiff, to other persons, and by them assigned to these defendants, and now held and owned by them," &c. Replication to the second and third pleas, that the plaintiff, at the time of the commencement of the suit, was not indebted to the defendants as alleged in the pleas. On the motion of the plaintiff, the defendants filed a bill of particulars of the demands they intended to give in evidence under their pleas, and among the items is the following: " One note executed by Pettis to Argyle & Hodgen for one hundred and twenty-two dollars and thirty-eight cents and interest till paid, now assigned to the defendants." The cause was tried before a jury. Verdict was for the defendants for $93, and judgment for them accordingly.

It appears, from a bill of exceptions, that on the trial, the defendants offered in evidence a note and endorsement thereon, as follows: " Pittsfield, Feb'ry 19th, 1841. One day after date, for value received, I promise to pay Argyle & Hodgen one hundred and twenty-two dollars and thirty-eight cents, with twelve per cent. interest per annum until paid.

" STEPHEN PETTIS."

Endorsed:

" We assign this note to Westlake & Bates.

" ARGYLE & HODGEN."

To this evidence the plaintiff objected, because the note was not admissible under the pleas ; and because there was no evidence that the note belonged to the defendants at the commencement of the suit; but the Court overruled his objection, and permitted the note and endorsement to be read to the jury, without proof of the time of the assignment by the payees to the defendants, the plaintiff excepting.

Pettis brings the case to this Court, and assigns as error, the decision of the Court, in permitting the note to be read in evidence under the pleas, without proof of the time of the assignment.

Two questions arise out of this assignment of errors : First, was the note admissible under the pleas ? The third plea was evidently intended as a plea of setoff. It is inartificially drawn ; does not describe the notes with sufficient certainty ; and for these causes would be bad on demurrer ; but the plaintiff, by tendering an issue on it, waived his right to make these objections, either on the trial, or in this Court. The plea alleges generally, that the plaintiff was indebted to the defendants, on certain notes made by him to third persons, and which had been assigned to the defendants. The replication denies that the plaintiff was so indebted at the commencement of the suit. Under this issue it was competent for the defendants to give in evidence any notes made by the plaintiff, of which they were assignees, when the suit was instituted. The plaintiff, by demanding a bill of particulars, compelled the defendants to specify, with precision, what notes they intended to offer in evidence. The note produced on the trial was not inconsistent with the allegations of the plea, nor variant from the one described in the bill of particulars. We are satisfied, therefore, that the note was admissible under the third plea.

The second question is, was the production of the note, with the endorsement, sufficient evidence that it was the property of the defendants at the time they were sued ? Defences of setoff are regarded as in the nature of cross-actions. The defendant can only introduce by way of setoff, such demands as were existing causes of action in his favor, at the time the suit was instituted. He is not permitted, after he has notice of the suit, to purchase up claims against the plaintiff, and by producing them on the trial, defeat the plaintiff's action, and subject him to the payment of costs. The plea of setoff is an affirmative one, and it is incumbent on the defendant to prove as well the genuineness of the demand he seeks to setoff, as that it was due him when he was sued. In this case it was the duty of the defendants to show that the note in question was their property, when the suit was instituted. There was no evidence offered on this point, but the note and endorsement. The note bears date February, 1841, and is payable one day after date. The suit was commenced in March, 1842, more than a year after the maturity of the note. The endorsement is without date, and the question as to the time it was made, depends wholly on the presumption of law. The legal presumption is, that the endorsement of the note was antecedent to its becoming due. If the time of the endorsement of a note becomes material for the purpose of letting in a defence, it is the duty of the maker to show it, and thus rebut the presumption of law. (1)  If Westlake & Bates had sued Pettis on the note, its production would be evidence that it was assigned to them before maturity, and if Pettis desired to interpose defences to it, which could only be made as against the payees and assignees

(1) Pinkerton *v.* Bailey, 8 Wend. 600 ; Webster *v.* Lee, 5 Mass. 334 ; 3 Day 311.

after maturity, he would be required to show that it was actually assigned after it became due. The defence here is virtually an action on the note, and we perceive no good reason why the presumption should not hold good, in this case, as in the other. The presumption is as easily rebutted in one case, as in the other. Argyle & Hodgen, the payees of the note, would be competent witnesses when called by Pettis, to prove the time when the assignment was made.

It is insisted, however, by the counsel for the plaintiff, that where the note is introduced by way of setoff, the defendant is bound to show by proof, independent of the legal presumption, that the assignment was made previous to the commencement of the suit; and in support of this position he cites the cases of Dickson *v.* Evans, (1) Ogden *v.* Cowley; (2) and The Jefferson County Bank *v.* Chapman. (3) The first cases were actions brought by the assignees of bankrupts, and the defendants offered to setoff checks issued by the bankrupts, payable to bearer. The Court decided that they could not be setoff, unless it was proven that the checks came to the defendants hands prior to the bankruptcy. In the last case, the Court, upon the authority of the other cases, held that Chapman could not setoff against a demand of the bank which had stopped payment, its bills payable to bearer, unless he proved that he was the holder of the bills when he was sued. Those cases are clearly distinguishable from the present. The checks and bills were payable to bearer, and required no endorsement to render them negotiable. They passed by delivery, and their production furnished no presumption that they came to the defendant's hands prior to the bankruptcy, or the commencement of the suit. The plaintiffs had no means of ascertaining when the defendants received them. There was nothing on the notes to indicate to whom they were issued, or by whom transferred; and it would have been productive of great injustice to the creditors, to permit the defendants to purchase up the paper, at a depreciation, and realize its nominal value.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*