## PECK and MORRISON *v.* RICHMOND.

A court has the power to restrain an abuse of the right of cross-examination, and to prevent a vexatious or improper delay in the progress of a trial; and when a party attempts, by frivolous and impertinent inquiries, to retard the course of justice and to needlessly occupy time, the court may put an end to the examination, and cause the witness to leave the stand.

It is the duty of a court to exercise the power whenever the ends of justice *clearly* require its interposition.

*It seems*, that a persistence in such a course of examination, by a party or his counsel, is a contempt of court, and may be punished as such.

If the examining party, after the court has interposed, should desist from such a course of inquiry, and propose to put a question clearly pertinent and proper, the same should be allowed and propounded, although the witness had previously been directed to leave the stand, for the purpose of restraining an abuse of the right of cross-examination.

To enable the examining party to review the action of the court in such cases, he should be permitted to go far enough to enable the court to see that his *course* of examination is improper, and that he is *persisting* therein.

And he is entitled to have a ruling of the court upon a reasonable number of questions, to the end that exceptions to the rulings may be entered, and the appellate tribunal have an opportunity to determine, whether the exigency was such as to call into exercise the discretion of the court at the trial.

But the right to consume the time of the court in *receiving questions, ruling thereon,* and *noting exceptions,* is subject to a reasonable limitation.

Peck *v.* Richmond.

Where a justice, in his return, stated that a great number of questions were asked that appeared to have little or nothing to do with the issue, whereupon the justice dismissed the witness; that afterwards, the defendant, being suffered to recall the witness, resumed his cross-examination, but proposed no questions which pertained to the issue, and the justice again sent the witness off the stand, to which counsel excepted; it was *held*, on appeal, that in the absence of any specification of the questions actually presented, the truth of the general statement of the return, in respect to the vexatious character of the examination, must be assumed, and the action of the justice, in arresting it, sustained. INGRAHAM, FIRST J., and WOODRUFF, J., concurring; DALY, J., dissenting.

In order to obtain a review of the opinion of the justice that questions proposed do not pertain to the issue, the appellant—where the return does not specify them—should procure an amended return, containing the interrogatories which were propounded or proposed by him.

Where a debtor says that he will call and "*settle*" a bill which is presented to him, and no circumstances appear showing a disagreement between the parties respecting it, or the claim is for a sum certain—as a promissory note or an account stated by the claimant to which no objection is suggested—the words used may be deemed to amount to more than a mere promise to come to an adjustment, liquidation or compromise of the debt, and will sustain a finding of an undertaking to pay, or an admission that the claim is just.

An objection to the introduction of the claimant's books, and to the use in evidence of a copy of an account presented, cannot be made for the first time on appeal.

THIS was an appeal, by the defendant, from a judgment of one of the district courts, for goods sold. The grounds of the appeal, and the facts relating thereto, appear in the opinion of WOODRUFF, J.

WOODRUFF, J.—I have no doubt of the power of the court to restrain an abuse of the right of cross-examination, and to prevent an improper or vexatious delay in the progress of a trial; and where a party attempts, by frivolous and impertinent inquiries, to retard the course of justice, and needlessly occupy time, the court may correct the abuse by refusing to permit the party to continue the examination. Such a power is indispensable to the orderly conduct of a trial, and necessary to enable the court to bring the cause to a termination. It is, therefore, the duty of the court to exercise that power whenever the ends of justice clearly require its interposition.

Not only so, I think the conduct of a party or his counsel conducting such an examination, is a contempt of court, and might properly be punished as such. No doubt that if, after the court had thus restrained a frivolous and impertinent trifling with the administration of justice, the examining party should desist from such a course of inquiry, and propose or offer to propose a question or questions clearly pertinent and proper, such questions should be received and propounded to the witness, even though the witness had been previously directed to leave the stand. But neither a party nor his counsel is at liberty to persist in a course of inquiry vexatious to the witness, tending to delay or embarrass his adversary, hindering the course of justice, or disrespectful to the court.

The exercise of this power is a matter of some delicacy, and it should only be exercised in cases which *clearly* require its interposition; and, to some extent, that exercise must be regarded as resting in the sound discretion of the court.

In order to enable the party to review the action of the court in such cases, he should, no doubt, be suffered to go far enough in his examination, to enable the court to see that his *course* of examination is improper, and that he is persisting therein. It could not be said that a single impertinent question warranted such an interference. And for the same purpose of review, the examining party would be warranted in having a distinct ruling of the court upon a reasonable number of questions, though deemed by the court irrelevant, to the end that the party may enter his exceptions to the ruling, and that the appellate court may have an opportunity to see whether the exigency was such as to call the discretion of the court below into exercise. But to go beyond this, and hold that the party may consume the time of the court in receiving such questions, and ruling upon their propriety, and noting exceptions to such ruling, would defeat the very power in question, and in its results be as oppressive, improper, disrespectful to the court and subversive of the ends

of justice, as to suffer the questions to be propounded to the witness.

To apply these views to the present case, the justice returns, that in the progress of the cross-examination by the defendant's counsel, "after he had asked a great number of questions, that appeared to have little or nothing to do with the issue, I (the justice) sent the witness off the stand." In this the counsel for the defendant appears to have acquiesced, and he therefore proceeded to his motion for a non-suit. And the defendant was afterwards suffered to recall the witness for further examination, and did resume such examination, but as the return states, "asked no questions which pertained to the issue; when I again sent the witness off the stand, to which defendant's counsel excepted." Assuming the truth of the return, as we must, in the absence of any specification of the questions which were actually presented, the justice was, for the reasons above given, right in arresting a course of examination which in no wise tended to a development of the case before him, and the suppression of which could not prejudice the rights of the defendant. The return does not show that the defendant's counsel presented to the witness any question which was not answered, nor that he offered to propound any question which was relevant and proper, and was prevented by the ruling of the court. If the counsel had any further questions which he deemed it proper to propose, he should at least, while insisting upon his right of further examination, (after the intimations of the justice regarding the questions already propounded,) have stated what those questions were, or the substance thereof, that the attention of the court might be drawn to the propriety of suffering the examination to proceed further. No such thing was done, and upon the return, as it stands, I think the justice committed no error.

The return on this subject is general. It affords us no opportunity of reviewing the opinion of the justice that the questions asked did not pertain to the issue. If the appellant supposed that the justice erred *in that opinion,* he should

have procured an amended return, containing the interrogatories themselves, and any others (if there were any) which he offered to propound to the witness. Not having done so, he must be deemed to acquiesce in the truth of what the return states.

On the merits, I think the finding of the justice was correct. The plaintiff's witness states that the defendant, on the presentation of the bill of the goods in question, " took the bill, looked at it, did not dispute it, and said he would call and see the plaintiff about it." On cross-examination he says, the defendant said, " he would call and settle the bill." This was *prima facie* evidence that the bill was correct. The word " settle " is of double meaning. Where *any circumstances* appear, showing that there was a disagreement between the parties respecting a claim, or where the subject of the conversation is uncertain in its nature, a promise to call and settle it may be properly deemed to amount to nothing more than a promise to meet the claimant and come to an adjustment or liquidation, or in some cases to a compromise of the matter pending between them. But where the word settle is employed in reference to a claim for a sum certain, or a promissory note, or an account stated by the claimant, to which no objection is suggested, it may well be deemed to amount to a promise to pay, or an admission that the claim is just, and will sustain a finding to that effect. (See *Pinkerton* v. *Bailey*, 8 Wend. 600.)

The appellant made no objection below to the plaintiff's books, so far as they were used on the trial, nor to the copy of the bill given in evidence instead of the original, and he cannot, for the first time, raise such objections on appeal. Nor does it lie with the appellant to object that the judgment against himself should have been for a larger sum. In this no injustice is done to *him*, and if the respondent is satisfied, he should be also.

The judgment should, I think, be affirmed.

Ingraham, First J.—I concur in affirming the judg-

ment in this case, for the reasons stated by Judge Wood-
RUFF.

DALY, J., (dissenting.)—There was sufficient evidence to
warrant the finding of the justice. The defendant's promise,
after he had looked at the bill, that he would call and settle
it, was an admission of its correctness and of his liability.

. But the justice erred in directing the witness to leave the
stand before the defendant's counsel had closed his cross-
examination. He had been called as a witness for the plain-
tiff, and if the questions asked were immaterial or imperti-
nent, the justice should have overruled them; but he had no
right to deprive the defendant of the right of cross-examin-
ing the witness further, if he desired to do so. I do not
think that the return shows that such a vexatious or im-
pertinent course of examination was pursued which would
authorize the justice to refuse to permit the further examina-
tion of the witness. He states that the questions asked seemed
to have little or nothing to do with the issue, and that when
the examination was resumed, no question was asked that
pertained to the issue. Such a statement is too unsatisfac-
tory to warrant us in concluding that the examination was
of such a vexatious, trifling, and improper character—such a
departure from the orderly and proper conduct of a trial as
to call upon the court for so unusual an exercise of author-
ity—that of stopping the further examination of a witness.

Judgment affirmed.