Andrews *v.* Chadbourne.

[MONROE GENERAL TERM, December 4, 1854. *Johnson, Welles* and *T. R.
Strong*, Justices.]

———————•♦•———————

## ANDREWS *vs.* CHADBOURNE.

When a promissory note has been transferred, in the absence of evidence as to
the period of the transfer, it will be presumed to have been before the note
became due.

The legal presumption is that the transfer was in the usual course of business,
for a valuable consideration, and before the note was dishonored.

Time stated in a pleading is often not material; that is, it may be departed from
in evidence; but allegations in respect to time, like all other allegations, are
evidence against the party making them, as his admissions.

And all presumptions of law in favor of a party must be consistent with his al-
legations. None will be indulged for his benefit, in opposition to them.

Thus it will not be presumed a promissory note was transferred before its matu-
rity, when it is alleged in the complaint that the transfer was on or about a
specified day, which was after the note matured.

In the absence of any evidence as to time, in such a case, the defendant may
properly repose on the allegation in the complaint, on that subject, and claim
the benefit of a payment made to the payee before that time.

APPEAL by the defendant from a judgment entered upon the
report of a referee. The opinion of the court states the
facts, and the legal questions arising thereon.

*G. Hastings*, for the plaintiff.

*F. G. Wicker*, for the defendant.

*By the Court,* T. R. Strong, J.   The complaint is upon a promissory note, made by the defendant on the eighth day of January, 1852, for the payment of the sum of $80, to one Morgan or bearer, one day after date ; which note, it is alleged, was " afterwards, and on or about the 22d day of February, 1852," assigned and transferred to the plaintiff.   The answer sets up, among other things, the defense of payment.   On the trial, before the referee, the plaintiff read the note in evidence, and rested.   The defendant then introduced two witnesses, whose testimony strongly tended to establish that the note was paid by the defendant to the payee, between the 15th and the 25th days of January aforesaid.   The referee reported that he found, as facts, that on the 8th day of January, 1852, the defendant made the note, and that afterwards, and before the same became due and payable, the payee sold and transferred the note to the plaintiff; and that he found, as a conclusion of law, that the defendant was indebted to the plaintiff in the amount of the note, including interest.   It is apparent from the report, that the evidence of payment was not regarded or considered by the referee ; and it was not entitled to any weight, relating, as it does, to a time after the note became due, if, as he found, the note was transferred before maturity.   The question in the case, therefore, is, whether the finding that the transfer of the note was before maturity, is correct.   If it is not, the case should be re-tried, that the defendant may have such benefit as he is entitled to, from evidence of payment at a later period.

When a note has been transferred, in the absence of evidence as to the period of the transfer, it will be presumed to have been before the note became due.   The legal presumption is that the transfer was in the usual course of business, for a valuable consideration, and before the note was dishonored.   (*Pinkerton* v. *Bailey,* 8 *Wend.* 600.   *Swift* v. *Tyson,* 16 *Pet.* 1.)   The referee applied that presumption in the present case.   He appears to have thought as is now contended by the plaintiff's counsel, that the time of the transfer stated in the complaint, is immaterial; that the plaintiff might show it to have been at a different time ; and that it was established to have been at an

earlier period, by producing the note, which was *prima facie* evidence of the transfer, and, by the presumption referred to, answering the purpose of evidence as to the time the transfer took place. Time stated in a pleading is often not material; that is, it may be departed from in evidence ; but allegations in respect to time, like all other allegations, are evidence against the party making them, as his admissions. And all presumptions of law in favor of a party must be consistent with his allegations. None will be indulged for his benefit, in opposition to them. In this case, it will not be presumed the note was transferred before its maturity on the 12th of January, when it is alleged in the complaint that the transfer was on or about the 22d day of February afterwards. There being no evidence as to time, the defendant might properly repose on the allegation in the complaint on that subject, and claim the benefit of a payment to the payee before that time.

My opinion is, that the judgment on the report is erroneous, and should be reversed ; and that a new trial should be granted, with costs to abide the event.

