The important question in this case is, whether the indorser of a promissory note, payable on demand, with interest, is discharged from his liability when a demand of payment was not made of the maker until more than three and a half years after its date.
It was held in this State, as early as 1805, in the case ofFurman v. Haskins (2 Caines' R., 369), that a note payable on demand must be presented, within a reasonable time after its date, for payment, or it will be considered as a note out of time and dishonored; and, what is a reasonable time, is a question of law, when the facts are ascertained. In that case, the note was transferred eighteen months after its date, and the court held it must clearly be considered as placing the note in the situation of one due and dishonored, and as imposing on the indorsee that risk. The case arose upon a demurrer to a plea setting up equities between the original parties to the note; and the court held the plea good.
In 1806, the case of Hendrick v. Judah (1 J.R., 319) was decided. That was an action upon a promissory note, made in England, payable on demand; and the suit was brought against the maker. On the trial, evidence of a set-off against the payee was offered and rejected unless it should be first shown that the note was transferred after it became due. The Supreme Court held that the evidence was properly rejected, and said: *Page 37 
"The action was brought within a year after the date of the note, so that it must have been transferred within that time. It may have been indorsed soon after its date; and as the transaction was in England, we may intend that to be the case, as no evidence to the contrary was offered." The court evidently would have allowed the set-off in that case, but for the presumption of the early transfer of the note. And it has since been held that the presumption of law is, that the indorsement is contemporaneous with the making of a note, or, at all events, was antecedent to its becoming due. (Pinkerton v. Baily, 8 Wend., 600.) The case of Losee v. Dunkin (7 J.R., 70) was decided in 1810. The note was payable on demand, with interest, and was transferred two and a half months after its date. The court held that evidence of partial payments to the payee before transfer was properly admitted, and affirmed the judgment. The same principle was decided in the case of Loomis v. Pulver (9 J.R., 244), as to notes payable on demand and transferred two years after date. In that case the plaintiff sued the payee to recover back money paid on the note before it was transferred. The court held that he should have set up the payments when sued on the note by the indorsee, and, therefore, could not recover. In the case ofSice v. Cunningham (1 Cow., 397), decided in 1823, the action was against the indorser of a promissory note, dated on the 15th February, 1819, payable on demand, with interest; and it had been indorsed for the accommodation of the maker to secure a loan of money. The parties all lived in the city of New York. The maker was in good credit when the note was given, but stopped payment about the 23d of July, five months after the date of the note, on which day payment was demanded and refused, and notice given to the defendant. The Supreme Court, after full argument, held, unanimously, that the defendant was not liable. This case cannot, in any of its material features, be distinguished from the case under consideration. It has stood for nearly forty years, and has never, so far as I have been able to discover, been questioned by the Supreme Court or court of last resort in this State. The only cases *Page 38 
cited by the plaintiff in this State, in which it is claimed a contrary rule was adopted, are the cases of Vreeland v. Hyde
(2 Hall's Superior C.R., 429), and Wethey v. Andrews (3 Hill, 582).
In Vreeland v. Hyde, the action was upon a note payable on demand, with interest, without default or defalcation.
The Superior Court say: "It is settled in our courts that a note payable on demand must be presented for payment within a reasonable time, and notice given to the indorser; and, when the facts are ascertained, what is a reasonable time is a question of law;" and refer to the cases of Sice v. Cunningham (supra), and Furman v. Haskins (id.) They then say, every case must, in some measure, depend upon its own circumstances. They do not profess to disturb or doubt the correctness of those cases, but attempt to distinguish the case then under discussion from them. The note in that case had been given about twenty-one months when payment was demanded. The court say, the note was given for a loan of money, and upon interest, and that the interest was paid and indorsed on the note at the end of the year. They say, that the note "evidently was not made for the ordinary purposes of mercantile negotiations. This is apparent from the phraseology of the note itself, and the caution with which it is worded. It is payable on demand, with interest, and is to be paid by the makers without default." "This is sufficient (it is said) to show that the indorsement of the defendant was obtained under no ordinary circumstances, and that the maker had assured him he should come to no harm by his act of indorsing. That the note itself bears evidence upon its face that it was given to secure the repayment of a loan; and that it was not to be demanded at the usual time; and that the indorser was considered in the light of a security or guarantor." * * * "The rule requiring presentment within a reasonable time was intended for, and is applicable to, negotiable instruments, made for commercial purposes only."
I cannot assent to the doctrine that two notes, drawn and indorsed precisely alike, are to be held to import a different *Page 39 
obligation upon the maker, indorser or holder, upon the consideration whether it was given for a loan of money or for commercial or other purposes. The only difference, in fact, between the note in the case last mentioned and the note ofSice v. Cunningham, consists in the words, "without default or defalcation." The court seem to assume that there was a difference in its being given upon interest and for money loaned. But a careful examination of the case of Sice v. Cunningham
shows that the note in that case was given in the same manner and for the same purpose. In the statement of that case (1 Cow., 397), it is not stated whether the note was or was not on interest. But, at page 398, in stating what occurred in submitting the case to the jury, it is said: "That it was contended by the plaintiff's counsel that that note did not stand upon the footing of ordinary commercial paper; that it wasdeposited for a loan of money, and drawn payable withinterest; and, therefore, the usual strictness in regard to presentment and notice was not required." Besides, SUTHERLAND, J., in his opinion, treats it as a note on interest.
In the case referred to in 3 Hill, 582, the action was against the maker, and the question was, whether he should be permitted to go into the consideration of the note. The payee had sold the note within a week after its date, and it had been again sold to the plaintiff within two, three or four weeks thereafter. The note was payable on demand, with interest. The court held the note was not to be deemed dishonored so as to let in the defence, and laid some stress upon the fact that the note was upon interest. "It would be contrary to the general course of business to demand payment short of some proper point for computing interest, such as a quarter, half-year, year," c. Even this rule would discharge the indorser in this case, for here three and a half years were suffered to elapse before a demand of payment.
The plaintiff's counsel has referred to two or three English cases, and claims that the law there is settled in his favor.Barough v. White (6 Dow. Ry., 379), was an action by the indorsee against the maker of such a note, and the defendant *Page 40 
offered to prove the admissions of the payee showing that he gave no value for the note. The payee was not called as a witness, although he was in court. It was held that these declarations were properly rejected. This was sufficient to dispose of the case; but some of the judges thought the note should not be treated as overdue, and LITTLEDALE, J., thought the note was not overdue; that it was intended to be a continuing security; and that they could not treat it as overdue without payment having been demanded. Although this question of letting in the defence, if proper proof had been offered, was not necessary to the decision of the case, still it has been treated, in the two subsequent cases cited, as a leading case on that subject.Brooks, assignee, c., v. Mitchell (9 Mees. Wels., 15), was an action of trover to recover of the indorsee the amount of a note transferred by the bankrupt. The jury found that the payee indorsed the note to Boyle before bankruptcy, and that Boyle subsequently indorsed it to the plaintiff for value. But as to the question whether Boyle gave value for it, there was no sufficient evidence to the contrary. The court said, a promissory note, payable on demand, is intended to be a continuing security, and that it is quite unlike a check, which is intended to be presented speedily.
The case of Gascoyne v. Smith (1 McLeland Younge, 338) was also an action by the indorsee against the maker of a note payable on demand, with interest until paid; and the question was, whether it was subject to the equities of the original parties under the peculiar circumstances of the case, the maker having recognized the validity of the note by paying interest to the holder. The court held the plaintiff was entitled to recover, and that a note payable on demand, with interest until paid, is not to be considered as payable instantly. It will be observed that none of these English cases involve directly the question of the liability of an indorser of such a note, nor what would be deemed laches as to him.
The relation of the indorser of a promissory note like this is precisely the same as that of the drawer of a bill of exchange payable on demand or at sight. The indorsement of such note *Page 41 
is an order by the indorser to the maker, who, by his promise, is the debtor, to pay the money to the indorsee. This is the exact description of a bill of exchange. (6 Bacon's Abr., 771, tit. Merchant and Merchandise, No. 2.) The indorser of the note is the drawer; the maker the acceptor; and the indorsee is the person to whom it is made payable. (2 Burr, 676; 9 J.R., 120.)
There is, I think, no good reason for a distinction as to what is necessary to charge the indorser of such a note, and the drawer of a bill of exchange payable on demand. (6 T.R., 677; Chitty on Bills, 379.) The law is well settled that, to charge the drawer of a bill of exchange, or check, payable on demand, or at sight, it must be presented within a reasonable time, which ordinarily means that it must be presented, or remitted for presentation, the same or the next day after it is received, unless put in circulation by indorsement to other parties. (Chitty on Bills, 379, 381; Cambridge v. Allenby, 6 Barn. 
Cress., 373; Smith v. James, 20 Wend., 193; Lough v.Statts, 13 id., 351; Mohawk Bank v. Broderick, 13 id., 133;Harker v. Anderson, 21 id., 372.)
The law being, as I conceive, well settled that the liability of the indorser of a note payable on demand is substantially that of a drawer of a bill of exchange, and that, to charge the latter, it is necessary that the bill should be presented within a reasonable time, as before indicated, there is no good reason why the same rule should not be applied to the indorsement of such a note. And it having, as has already been shown, been for fifty or sixty years the settled doctrine of the Supreme Court in this State, that such a note must be presented within a reasonable time to charge the indorser, the course of decision on that subject should not now be departed from without a manifest necessity therefor. It is of the highest importance that the law, especially so far as it relates to commercial paper, should be uniform, and, once settled, should be adhered to. The community adapts itself to the law, as it is, at least, supposed to be settled; and, I think, in this case, we should assume that the parties contracted with reference to the law on that subject, as it had been apparently settled in this State. Whatever *Page 42 
might have been our conclusions as an original question, I do not now think we should depart from the course of decision referred to.
Therefore, without discussing the question, as an original one, upon its merits, I think we should regard it as settled in this State that such a note, under the circumstances disclosed in this case, should be deemed dishonored long before the time it was protested, and the indorser discharged. The judgment should be affirmed.
LOTT J., also dissented.
Judgment reversed, and new trial ordered.