JAMES McMULLEN, Appellant, v. PATRICK RAFFERTY, Respondent.

*Statute of limitations — when an action upon a non-negotiable note, payable on demand with interest, is barred — when an indorser thereof is not affected by payments made by the maker.*

As against the maker or as against one who has indorsed his name upon the back of a non-negotiable promissory note, payable on demand with interest, the statute of limitations begins to run from the time of the making and delivery of the note.

The party so indorsing such a note is not estopped from setting up the statute of limitations as a defense, by the fact that he has alleged in his answer that payments have been made upon the note by the maker thereof, and that he claims that the same should be applied to reduce the amount due thereon, so long as it does not appear that such payments were made by his direction or have not been ratified by him.

*First National Bank of Utica* v. *Ballou* (49 N. Y., 155) distinguished.

Appeal from a judgment in favor of the defendant, entered on a verdict directed by the court on the trial of the cause at Circuit, on the ground that the claim was barred by the statute of limitations; and also from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was commenced on February 24, 1879, on two non-negotiable promissory notes for $1,200 each, dated the 20th day of February, 1873, made by one William J. Hughes, payable to the plaintiff on demand, with interest from the 1st day of January, 1873, and indorsed by the defendant.

Hughes died on the 5th of December, 1878, and letters testamentary were issued to the defendant and another, as executors of his will, on the 20th of January, 1879. On the 19th of February, 1879, payment of the notes was demanded of the defendant, as executor, and on the next day notice of protest and non-payment was given to the defendant; whereupon, on the 24th of February, 1879, this action was brought.

The answer sets up, among other things, "that the maker paid the interest on both sets of notes from the time of the original loan every six months;" and also, "that the said. Hughes, in his

lifetime, paid on account of the $2,400 referred to, * * * various sums of money, which, with the interest thereon to April 1, 1879, amount to the aggregate sum of $1,138.27, which * * this defendant claims should be applied in part payment of the amount claimed in this action."

*John E. Burrill*, for the appellant.

*Warren C. Brown*, for the respondent.

DANIELS, J.:

This action was brought to recover the amount unpaid on two promissory notes made by William J. Hughes and indorsed by the defendant. It was not commenced until the 24th day of February, 1879, and because of that circumstance the statute of limitations was relied upon and held to be a defense. The notes were not negotiable, but they were made payable on demand to the plaintiff with interest. As the law of this State has been settled in its application to instruments in this form, the period during which an action may be brought for the recovery of the debt begins to run at the time when they are made. A different construction was intimated to be proper as to the parties to a promissory note payable with interest in the decision of the case of *Merritt* v. *Todd* (23 N. Y., 28, 34). The point, however, which was presented for determination in that case was simply that of the liability of the indorser, and what was there said upon this subject has since been so far restricted as to include only the liability of such a party. (*Wheeler* v. *Warner*, 47 N. Y., 519.) As to the maker himself, although the obligation may be payable with interest, the principal still exists, which subjects it to the operation of the statute of limitations from the time when the instrument is made. And the same principle seems to be applicable to the liability of the present defendant. For while he placed his name on the back of the notes, he still, as they were not negotiable, did not incur the liability of a mere indorser. His liability on the contrary has been settled to be either that of an additional maker of the obligation or a guarantor of its payment. (*Richards* v. *Warring*, 1 Keyes, 576, 579, 582; *Cromwell* v. *Hewitt*, 40 N. Y., 491.) And for that reason the case

is not within the decision which was made in *Merritt* v. *Todd* (*supra*).

If by placing his name upon the back of the notes the defendant became an additional maker, he incurred no greater obligation than that of Hughes, who was the former maker of the instruments, and he would consequently be entitled to the same application of the statute of limitations in his favor. And if his contract was that of a mere, guarantor, the obligation imposed upon him was that he would pay the debt if Hughes failed to do so. And as such failure did arise out of the maturing of the notes themselves at the time of their delivery, the defendant then became liable, and the statute for that reason immediately began to run in his favor. The presumption is that he placed his name upon the notes at the time when they were made. (*Pinkerton* v. *Bailey*, 8 Wend., 600.)

And that presumption seems to be supported by the circumstances attending the making and indorsement of these instruments, as they have been construed by the courts. An action against the maker must be brought within six years from the making of the contract. (*De Lavallette* v. *Wendt*, 75 N. Y., 579–583; *Hirst* v. *Brooks*, 50 Barb., 334.) These decisions rest upon the principle that the debt created by such an obligation is due at once. And if that be true as to the actual maker, it must be equally so as to the party who placed his name upon the back, and for that reason becomes in judgment of law another maker, or a guarantor, for the payment of the debt. Whatever may be the true nature of his obligation it must mature as soon as a default in payment has taken place. For that reason a party whose name is placed upon the back of such an instrument at the time which it was made cannot be rendered liable beyond the period of six years from the time when the default in payment is made.

It has been insisted, however, that the defendant has precluded himself from taking advantage of the provisions of the statute by the allegations contained in his answer. The portion of the answer which is relied upon as sustaining this position is that relating to payments claimed to have been made upon the debt. It is not averred that the defendant himself, either directly or indirectly, made these payments, but it is stated that Hughes in his lifetime made them from time to time by way of paying the interest accru-

ing up to the 1st of April, 1879, and that averment is followed by the claim made by the defendant that the payments should be applied in part payment of the amount claimed in the action.

The case of the *First National Bank of Utica* v. *Ballou* (49 N. Y., 155) is relied upon as an authority depriving the defendant of the benefit of the statute because of these allegations.

But in that case it appeared that the payments had been made by the maker of the paper for the benefit and in the name of the defendant, and that he either authorized or afterwards sanctioned the act of the maker in making such payments. For that reason it was held that he had ratified the act of the maker so far as he professed to act on behalf of the defendant. From these features of that case it will be seen that it differs materially from the present case. For while it did appear that such payments as were alleged in the answer had been made, they were still made by Hughes upon his own account. There was no intention either on his part or on the part of the defendant that the payments should be made by him as the agent of the latter, and such was not the fact; but they were made solely and wholly by Hughes as the principal debtor, for the purpose of discharging in part the obligations existing against himself. Incidentally, it is true, they benefited the defendant. But they were not payments made by him. Neither were they claimed to be so in the answer in the action. The claim, on the contrary, was that Hughes had made the payments, and because he had made them upon these obligations, they should be applied by way of reducing their amounts. To deprive the defendant of the benefit of the statute it was necessary that the payment should be made by him, or by some person acting for him and under his authority, or whose act in that form should afterwards be adopted or ratified by him. The fact that Hughes, the maker of the paper, made the payments for the purpose of reducing his own liability, and incidentally that of the defendant, was not sufficient for that purpose. (*Hulbert* v. *Nichol*, 20 Hun, 455 ; *Smith* v. *Ryan*, 66 N. Y., 352.) And no such agency, ratification or adoption as the law requires to deprive the defendant of the benefit of the statute, can reasonably be inferred from the simple circumstance that he claimed that payments made by Hughes should be applied in reduction of the amount demanded by the plaintiff in the action.

It was not intended by the defendant to make Hughes his agent by the allegations contained in his answer.   No such import can reasonably be given to the terms which were employed, and the absence of such an intent is clearly disclosed by what immediately afterwards followed.   For the defendant then formally availed himself of his right to the benefit of the statute by alleging as a defense that the cause of action did not accrue within six years before the commencement of the action.   The intention of the defendant, as it was disclosed, was simply to assert his right to the reduction of a debt because of the payments which Hughes himself had made, and in that way to restrict the recovery to what might be owing to the plaintiff in case, for any reason, he should be deprived of the benefit of the other defense arising under the statute of limitations.

There was no impropriety in the defendant availing himself of these several defenses, and the fact that he relied upon one should not deprive him of his right to resort to the other, when that was no part of the design or purpose of his answer.

The judgment in the case appears to have been right, and it should accordingly be affirmed.

Davis, P. J., and Brady, J., concurred.

Judgment affirmed, with costs to the respondent.